## SOPHIA C. DELANO

### *v.*

## JOHN C. BENNETT.

| 61    83 |
| 88a 405 |
| 88a 589 |
| 61    83 |
| 187  ²185 |

1. EJECTMENT—*judgment nunc pro tunc—new trial.* Where a trial was had and a verdict found, but no judgment entered, and more than a year subsequently the court made an order vacating a judgment *nunc pro tunc*, and granting a new trial, the effect of this order was simply to set aside the verdict and grant a new trial.

2. TRIAL—*judgment—non-suit.* Where a party, supposing the court erred in vacating a judgment in ejectment after the expiration of a year, when no such judgment had ever been rendered, and when the case was called for trial the attorney for plaintiff withdrew from the case, and the court proceeded to try it by a jury, the trial resulting in a verdict and judgment for defendant: *Held,* that this was not error. The cause was in a condition to compel a trial or a non-suit. It was regularly on the docket, a new trial had been granted, and it was called for trial in its order.

3. SAME. Plaintiff's attorney was in court, and, without reasons, objected to a trial. The other party, as was his right, insisted upon a trial, and the court had no power to dismiss the suit for want of prosecution, as in case of a non-suit, because the plaintiff, being present, must elect to take a non-suit, or the cause must go to trial.

4. PRACTICE—*dismissing suit.* If, when the cause is called for trial, the plaintiff does not appear, the court may dismiss the suit for want of prosecution, and render judgment as in case of *non-suit.* The withdrawal of counsel from the case is not a withdrawal of the case from the court.

APPEAL from the Circuit Court of Mercer county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. JOHN C. PEPPER, for the appellant.

Messrs. BENNETT & VEEDER, for the appellee.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

This was ejectment, brought to the April term, 1866, of the Mercer circuit court, by appellant, against James Gilchrist.

At the September term, 1866, by order of the court, appellee was substituted in the place of Gilchrist, as defendant, and the cause continued. At the April term, 1867, appellant made a motion for judgment on the 3d and 4th counts of the declaration, and appellee a cross motion for leave to plead to the same. The court overruled the original and sustained the cross motion, and the record says: "Thereupon came the parties and their attorneys, joined issue, waived a jury, and for trial submit this cause to the court." The record contains no plea.

At the April term, 1867, appellant obtained leave to withdraw her submission of the cause, and title papers, and the cause was continued by the court at her costs.

At the February term, 1868, to wit, on the 2d day of March, 1868, the cause was tried before the court and a jury, at which trial a verdict was returned in favor of appellant, but upon which, so far as the record shows, no judgment was ever rendered. But it appears from the record that the cause was upon the docket of the October term, 1868, and continued by the court.

At the June term, 1869, the court made an order *nunc pro tunc*, as of the October term, 1868, purporting to vacate a judgment and granting a new trial in the cause.

At the October term, 1870, the parties appeared by their respective attorneys, and the cause was called for trial, whereupon appellant's counsel objected to its being tried. The court overruled the objection, and appellant excepted. A jury was called; appellant's counsel then, without submitting to a non-suit, withdrew from the case, but the court allowed the trial to proceed, and a verdict was returned in favor of appellee, upon which judgment was rendered against plaintiff below, and she brings the case to this court by appeal.

The first point relied upon for reversal is the *nunc pro tunc* order made at said June term. Appellant's counsel assumes, in argument, that, by that order, the court set aside a judgment

after the expiration of a year. No such question, however, is presented by the record, because that shows nothing more than a trial and verdict at the February term, 1868. No judgment was entered upon the verdict, at least none is shown by the record. The effect of the order, therefore, is that simply of granting a new trial in a cause standing upon a verdict, and upon which error can not be assigned.

The second point is equally untenable. It is, that the court erred in overruling appellant's objection to the trial of the cause, and that, after her attorney withdrew from the case, the court should have entered judgment as in the case of *non-suit.* To the first branch of this objection, we can only answer that we are unable to discover any reason why the cause was not in a condition to compel plaintiff below to go to trial or submit to a non-suit. A new trial had been granted; it was regularly upon the docket, and, for aught that appears, was reached for trial and called in its proper order. To the second branch we say that the appellant's attorney was present in court when the cause was called for trial. He objected to a trial, without reasons. The appellee's attorney insisted upon a trial, as was his right. In such a case, it was not for the court to dismiss the case for want of prosecution, and enter judgment as in case of non-suit, because the plaintiff, being present, must elect to suffer a non-suit, or the case should go to the jury. "Every person desirous of suffering a non-suit on trial, shall be barred therefrom unless he do so before the jury retire from the bar." R. S. sec. 29, p. 417.

It would be a singular practice, if a plaintiff could not object to the motion of a defendant to compel him to go to trial, without exposing himself to the danger of having his cause dismissed.

If, when a cause is regularly called upon the docket, the plaintiff do not appear, the court should dismiss the suit for want of prosecution, and render judgment as in case of *non-suit.* But if he appear, and is present when the trial commences, then, though he object to the cause being tried, yet,

if he desire a non-suit, he must make his desire known, by asking for it. The equivocal act of counsel withdrawing from the cause, is not a withdrawal of the cause from the court.

This case illustrates the dangers attending the practice of counsel staking the merits of their case upon a supposed technicality.

The judgment of the court below must be affirmed.

*Judgment affirmed.*