## GEORGE HOLMES

*v.*

## THE CHICAGO AND ALTON RAILROAD COMPANY.

1. LIMITATION—*saving clause, when plaintiff is non-suited.* The clause in section 24 of the limitation law which provides, that if the plaintiff be non-suited, and the time limited for bringing the action has expired during the pendency of the suit, a new action may be brought within one year after such judgment against the plaintiff, refers to involuntary non-suits as known to the common law, and not to voluntary non-suits authorized by our statute.

2. VOLUNTARY NON-SUIT—*its effect.* Since 1845, a plaintiff may take a non-suit, but it most usually occurs in the progress of a trial. In either case there is a judgment against the plaintiff for costs, but the judgment is not in bar, nor will it preclude him from recovering on the same cause of action. In this respect it is precisely the same thing, in effect, as a dismissal by the plaintiff.

3. NON-SUIT—*difference between voluntary and involuntary.* A voluntary non-suit is an abandonment of a cause of action by a plaintiff, and an agreement that a judgment for costs be entered against him; but an involuntary non-suit is where the plaintiff neglects to file his declaration or to appear when called for trial of the case, or where he gives no evidence upon which a jury can find a verdict in his favor. At common law there could be no non-suit except on the motion of the defendant.

| 94 | 439 |
| 38a | 636 |
| 94 | 439 |
| 151 | 499 |
| 152 | 329 |
| 94 | 439 |
| 50a | 464 |
| 94 | 439 |
| 73a | 609 |
| 94 | 439 |
| 180 | 193 |
| 94 | 439 |
| 88a | 404 |
| 94 | 439 |
| 187 | ²184 |
| 94 | 439 |
| 112a | 7 |
| 94 | 439 |
| 212 | ¹574 |

4. SAME—*involuntary, on the evidence.*\* Where the plaintiff gives evidence tending to establish his right to recover, the court has no right to take the evidence from the jury, or to instruct them to find one way or the other; but if the plaintiff introduces no evidence, and the defendant moves the court for a non-suit, it may be properly granted, although the plaintiff objects. So, where the plaintiff may introduce some evidence, and yet it lacks all the essential elements of proving his right to recover, and wholly fails to make a case, the defendant may move to exclude it, or move for a non-suit, and if not assented to by the plaintiff, the court may grant the non-suit, and in such case it would be involuntary. If the defendant introduces evidence on his part, he can not, afterwards, move for a non-suit or to exclude all the plaintiff's evidence.

5. PLEADING—*requisites of special demurrer.* It is not sufficient, in a special demurrer, to assign for special cause in general that the pleading demurred to is double or lacks form. It must show in what the duplicity consists, or wherein the form is deficient.

APPEAL from the Appellate Court for the Third District; the Hon. CHAUNCEY L. HIGBEE, presiding Justice, and Hon. OLIVER L. DAVIS and Hon. LYMAN LACEY, Justices.

Messrs. BLOOMFIELD & HUGHES, for the appellant.

Messrs. WILLIAMS, BURR & CAPEN, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The decision of this case turns on the construction of the 24th section of our limitation law. It is this: "In any of the actions specified in any of the sections of said act, if judgment shall be given for the plaintiff, and the same be reversed by writ of error or upon appeal; or if a verdict pass for the plaintiff, and, upon matter alleged in arrest of judgment, the judgment be given against the plaintiff; or if the plaintiff

---

\*On the general subject of an involuntary non-suit, or excluding all the plaintiff's evidence from the jury, see *Hunt* v. *Morton*, 18 Ill. 75, *Felt* v. *Williams*, 1 Scam. 206, *Owens* v. *Derby*, 2 Scam. 26, *Gillham* v. *State Bank*, ibid. 250, *Amos* v. *Sinnott*, 4 Scam. 447, *Joseph* v. *Fisher*, 3 Scam. 137, *Williams* v. *Clayton*, 1 Scam. 502, *Phelps* v. *Jenkins*, 4 Scam. 51, *Davenport* v. *Gear*, 2 Scam. 496, *The People* v. *Browne*, 3 Gilm. 88, *Downey* v. *Smith*, 13 Ill. 673, and *Hubner* v. *Feige*, 90 Ill. 208, and note to this last case on p. 209.

be non-suited,—then, if the time limited for bringing such action shall have expired during the pendency of such suit, the said plaintiff, his or her heirs, executors or administrators, as the case shall require, may commence a new action within one year after such judgment reversed or given against the plaintiff, and not after."

This was an action on the case, brought within two years after the action accrued, but plaintiff voluntarily took a non-suit, and afterwards brought this action within one year after the judgment of non-suit was rendered. To this action defendant pleaded the Statute of Limitations of two years.

To this plea plaintiff replied as follows:

"As to the plea by defendant, secondly above pleaded, plaintiff says *precludi non*, because he says that the said cause of action in said declaration mentioned accrued to the plaintiff on the 13th day of June, A. D. 1875; that on the 11th day of November, A. D. 1876, he filed in said court his declaration thereof, setting out said cause of action; that on the 27th day of September, 1877, he, the plaintiff, was non-suited, and that afterwards, on the 26th day of November, 1877, and within one year after said non-suit, he, the said plaintiff, filed his declaration herein,—and of this he puts himself upon the country," etc.

Rejoinder of defendant to this plea:

"Defendant says *actio non*, because it says that the time when, etc., the said plaintiff was not non-suited, as in and by said replication set forth; but the said plaintiff, at the time when, etc., voluntarily dismissed his said suit,—and this the defendant is ready to verify, wherefore he prays judgment," etc.

Plaintiff filed a general and special demurrer to the rejoinder, because, first, said rejoinder is double; second, it tenders an immaterial issue as to the voluntary non-suit in said suit; third, it should conclude to the country; fourth, the averment as to the plaintiff voluntarily dismissing his suit is surplusage.

The demurrer was overruled.

This presents the question, whether a voluntary non-suit was intended to be embraced in this section. Both parties agree that an involuntary non-suit is provided for, and appellant contends that a voluntary non-suit is equally embraced. This is controverted by appellee.

That a reversal by writ of error or upon appeal is intended to embrace involuntary reversals, seems to be apparent; and the same is true of an arrest of plaintiff's judgment. We presume it will not be contended that a reversal on confession of errors by a plaintiff was intended to be embraced, nor that a consent that the judgment might be arrested would entitle him to the benefit of this statutory provision. Then, what force is to be given to the words, "if the plaintiff be non-suited?" It is not, if he shall dismiss his suit, or shall ask for and take a non-suit. The law always, since 1845, permitted a plaintiff to take a non-suit, and a dismissal and a non-suit taken by a plaintiff are precisely the same thing in effect, unless it be different under this section. The plaintiff may, no doubt, dismiss his suit at any time when court is in session, and may, since 1845, take a non-suit in the same manner, but it most usually occurs in the progress of a trial. In either case there is a judgment against the plaintiff for costs, but the judgment is not in bar, nor will it prevent him from again suing and recovering on the same cause of action.

The import of the language seems to oppose the idea of voluntary action on the part of plaintiff.

In Jacobs' Law Dict. vol. 4, p. 407 (first Am. from second Lond. ed. 1811), it is said: "A non-suit can only be at the instance of the defendant, and, therefore, when the cause at *nisi prius* was called on and the jury sworn, but no counsel, attorneys, parties or witnesses appeared on either side, the judge held, that the only way was to discharge the jury, for nobody has a right to demand the plaintiff but the defendant, and the defendant not demanding him, the judge could not order him to be called." And the rule seems to be fully sustained by the case of *Arnold* v. *Johnson,* 1 Strange, 267.

Again, in Coke upon Lit. 139 b, it is said: "At the common law, upon every continuance or day given over before judgment, the plaintiff might have been non-suited, and therefore, before the statute of 2 H. 4, after verdict given, if the court gave a day to be advised, at that day the plaintiff was demandable, and therefore might be non-suited."

It is said by Blackstone, vol. 3, p. 296: "For if the plaintiff neglects to deliver a declaration for two terms after defendant appears, or is guilty of other delays or defaults against the rules of law in any subsequent stage of the action, he is adjudged not to follow or pursue his remedy, as he ought to do, and thereupon a non-suit or *non prosequiter* is entered, and he is said to be *non pros'd.*" But if the defendant fails to avail of the advantage of the plaintiff's neglect by signing such a judgment, the plaintiff may, at any time within a year after the return of the writ, deliver a declaration. *Pinny* v. *Harvey*, 3 T. R. 123, announces this rule: "Again, judgment of non-suit may pass against the plaintiff, which happens when, on trial by jury, the plaintiff, on being called or demanded at the instance of the defendant, to be present in court while the jury give their verdict, fails to make his appearance. In this case no verdict is given, but judgment of non-suit passes against the plaintiff. So if, after issue joined, the plaintiff neglects to bring such issue on to be tried in due time, as limited by the course and practice of the court in the particular case, judgment will also be given against him for this default, and it is called judgment as in case of non-suit." Stephen on Pleading, 142, ed. 1827. Thus we see by the common law practice there was no non-suit except on the motion of the defendant.

A voluntary non-suit is said to be an abandonment of a cause by a plaintiff, and an agreement that a judgment for costs be entered against him. But an involuntary non-suit is where a plaintiff, on being called when the case is before the court for trial, neglects to appear, or where he has given no evidence upon which the jury could find a verdict.

This court has repeatedly held, that where a plaintiff has offered evidence which tends to establish his right to recover, the court has no right to take the evidence from the consideration of the jury or to instruct them to find one way or the other. It has always been held by this court that it is the province of the jury to weigh the evidence, and the court has no right to invade their province. But where there is no evidence introduced by the plaintiff, and the defendant moves the court for a non-suit, it would be proper to grant it, notwithstanding the plaintiff might object. So, when the plaintiff may introduce some evidence and yet it lacks all the essential elements of proving his right to recover, and wholly fails to make a case, the defendant may move to exclude it, or move for a non-suit, and if not assented to by the plaintiff, the court might grant the non-suit, and in such a case it would be involuntary. But the court has no such power in any case where the weight of evidence has to be considered and estimated. The practice has always sanctioned a motion to exclude evidence of the plaintiff on the trial when he has introduced all of his testimony, and before the defendant has entered upon his defence, and if wholly insufficient, considering all it proves or tends to prove, it may be excluded. And to so exclude it would amount to an involuntary non-suit. If, however, defendant fails to make such a motion and introduces evidence, he can not afterwards move for a non-suit.

In the revision of 1833, p. 488, sec. 6, it is provided that if the plaintiff shall fail to file his declaration at least ten days before the second term, the defendant shall be entitled to judgment as in case of non-suit. The same provision was preserved in the revision of 1845, and is found in section 8 of the Practice act. It is also found in the revision of 1874, in the 18th section of the Practice act.

In the revision of 1845, by the 29th section of the Practice act, the common law practice was changed by permitting a plaintiff voluntarily to suffer a non-suit at any time before the jury retired from the bar. The same provision appears

in the revision of 1874 in section 50 of the Practice act. Since the adoption of this provision there have been in practice both kinds of non-suits, and hence the question whether the provision under consideration was intended to embrace a voluntary non-suit. The section of the limitation law under consideration was the ninth section of the act of 1827. Session Laws, p. 286. And as we fail to find any practice that authorized a plaintiff to suffer a non-suit prior to the revision of 1845, we are constrained to conclude that the General Assembly did not, nor could they have intended to, embrace in that section a voluntary non-suit. We must conclude the term was used as it was then understood in practice. We are, therefore, of opinion that the facts averred in the rejoinder presented a defence, and there was no error in overruling the demurrer to it.

It is said the rejoinders failed to give color, and are therefore bad. If this be an objection it is but formal, and was not pointed out in the special demurrer, and hence can not be urged as error. The demurrer stated as special grounds, "Said rejoinder is double." This falls short of the requirement in assigning special grounds of demurrer. Chitty, in his work on Pleading, vol. 1, p. 706 ( 6 Am. from 5 Lond. ed.), says: "For, when it is necessary to demur specially, it is not sufficient to aver that the pleading 'wants form,' but it must be shown specially in what point in particular the form is defective, and, as it has been said, the statute obliges the party demurring to lay his finger upon the very point. Therefore, a demurrer for duplicity— *that it is double and wants form*—is not sufficient, and it should show in what the duplicity consists." The ground assigned is not sufficient, and there was no error in overruling the demurrer. We fail to see that there is any force in the other grounds specified.

Perceiving no error in the record, the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*