PATTING v. SPRING VALLEY COAL CO.

(Circuit Court, N. D. Illinois. March 7, 1899.)

No. 23,932.

POWER OF FEDERAL COURT TO DIRECT VERDICT—FAILURE OF PLAINTIFF TO APPEAR.

Involuntary nonsuits not being allowed in the federal courts where a plaintiff fails to appear when his case is called for trial and the state practice in such case is to enter an involuntary nonsuit, the proper procedure is to impanel a jury, and to direct a verdict for defendant for want of evidence to sustain plaintiff's cause of action.

On Motion to Vacate Judgment.

J. D. Springer, for plaintiff.

Alfred A. Greenwood and Henry S. Robbins, for defendant.

SEAMAN, District Judge. When this cause was reached for new trial under the mandate from the circuit court of appeals, the plaintiff failed to appear. Counsel for defendant announced that he had personally notified one of the counsel for plaintiff that the case was about to be called, and that a trial would be demanded, and was informed, in effect, that the plaintiff would probably not appear, in view of the mandate and decision by the circuit court of appeals. Thereupon the plaintiff was called, and, not appearing, a jury was impaneled on demand of the defendant, and on motion a verdict of not guilty was directed in favor of the defendant for want of evidence in support of the declaration. Counsel for plaintiff now moves to vacate the judgment entered thereupon on the ground "that the court had no jurisdiction or power to submit the case to a jury, or to render any judgment other than that of dismissal or nonsuit." Coun-

sel for defendant offered consent to such order if the plaintiff would take a voluntary nonsuit instead, but such offer was not accepted, for the reason stated that submission to a voluntary nonsuit would subject the plaintiff to the bar of the Illinois statute of limitations. No authorities have been brought to my attention which indicate the procedure to be observed in a federal court where the plaintiff fails to appear at the trial after issue joined. The doctrine is well established, however, that peremptory or involuntary nonsuits cannot be allowed in such courts. Elmore v. Grymes, 1 Pet. 469; De Wolf v. Rabaud, Id. 476; Crane v. Morris' Lessees, 6 Pet. 598; Silsby v. Foote, 14 How. 218; Castle v. Bullard, 23 How. 172; Insurance Co. v. Folsom, 18 Wall. 250; Oscanyan v. Arms Co., 103 U. S. 261; Central Transp. Co. v. Pullman's Palace-Car Co., 139 U. S. 24, 11 Sup. Ct. 478. As stated in Crane v. Morris' Lessees, 6 Pet. 598, it is "not now open to controversy" that the court "had no authority whatever to order a peremptory nonsuit against the will of the plaintiff." Coughran v. Bigelow, 164 U. S. 301, 17 Sup. Ct. 117, is not applicable, as it relates to the provisions of a territorial statute, and the question arose on error to the territorial supreme court. In view of the rule thus settled, I am of opinion that the numerous decisions cited by counsel for the plaintiff from the state courts, and from the English courts, to the effect that the judgment in such case must be "as of nonsuit," and not upon verdict, are not applicable here. This distinction is pointed out by Mr. Justice Field in Oscanyan v. Arms Co., 103 U. S. 261–264, remarking: "Had the case been pending in a court of some of the states, or in an English court, a nonsuit would have been ordered. * * * Involuntary nonsuits not being allowed in the federal courts, the course adopted [directing a verdict] was the proper proceeding." The contention that the failure of the plaintiff to appear and prosecute his action constitutes an election to take a voluntary nonsuit, is not consistent with the avowed purpose of the plaintiff to avoid such effect by nonappearance, and is not in accord with the definitions of the two classes of nonsuit recognized in the state practice, as given in Holmes v. Railroad Co., 94 Ill. 439–443, namely: "A voluntary nonsuit is said to be an abandonment of a cause by a plaintiff, and an agreement that a judgment for costs be entered against him. But an involuntary nonsuit is where a plaintiff, on being called when a case is before the court for trial, neglects to appear, or where he has given no evidence upon which the jury could find a verdict." The nonsuit is imposed because of the plaintiff's failure, and is not by consent, but compulsory. In the absence of some controlling statutory provision, I can find no ground for distinction between the case of entire failure to produce proof and the failure to furnish sufficient proof. The declaration is unsupported in either event, and the defendant seems equally entitled to a verdict. So, in Oscanyan v. Arms Co., supra, a verdict was sustained when it was directed upon the opening statement of counsel for plaintiff, without permitting the introduction of the proposed evidence. The question is important, and I should feel disposed to leave it for determination by the circuit court of appeals on this simple record, even if doubtful as to the proper practice. Under the English practice it has been held in such

case that the error was not jurisdictional, and that it was within the discretion of the court, on an application to set aside the verdict, to permit it to stand, unless the plaintiff "consent to a nonsuit being entered." Hodgson v. Forster, 1 Barn. & C. 110. Following that precedent, the offer was made and refused in the case at bar. I am satisfied that it would be unjust to afford advantage to the plaintiff upon this motion which he would not have had if present at the trial. The motion is denied.