WILLIAM D. BOYCE

*v.*

TAYLOR A. SNOW.

*Opinion filed October 19, 1900.*

1. LIMITATIONS—*provision extending time one year in case of non-suit.* The provision of the Statute of Limitations which extends the time for bringing an action one year in case of non-suit, where the time limited for bringing suit has expired during the pendency of the action, contemplates only involuntary non-suits.

2. NON-SUIT—*what is an involuntary non-suit.* If the parties are in court by their attorneys, and the plaintiff's attorney declines to proceed when the case is called for trial but does not ask for a non-suit, the judgment of the court ordering a non-suit of its own motion and authorizing the defendant to recover his costs is an involuntary non-suit.

3. SPECIAL INTERROGATORIES—*when court may refuse to give special interrogatories.* Special interrogatories, all relating to mere evidentiary facts, and which, if answered favorably to the party presenting them, would not control the general verdict, are properly refused by the court.

4. The facts in this case being substantially the same as in the case of *Boyce* v. *Tallerman*, 183 Ill. 115, the law announced in that case must control this.

*Boyce* v. *Snow*, 88 Ill. App. 402, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. M. A. KAVANAGH, Judge, presiding.

O. W. DYNES, for appellant.

EDWARD B. BURLING, for appellee.

Per CURIAM:  This is an appeal from a judgment of the Appellate Court affirming a judgment obtained by appellee against appellant in the superior court of Cook county.  In the decision of the case the Appellate Court filed with its judgment the following opinion by Mr. Justice ADAMS:

"Appellee, plaintiff in the trial court, sued appellant, defendant in that court, in case, for negligence resulting in injury to the plaintiff, and recovered judgment for the sum of $2000, from which judgment this appeal is.  The suit was commenced January 18, 1898, and the accident which occasioned the injury occurred November 20, 1894. The defendant pleaded the general issue and the Statute of Limitations, which limits the bringing of suit in such cases to two years from the time when the cause of action accrued.  To the plea of the statute the plaintiff replied as follows:

" 'And the plaintiff, as to the plea of the defendant by him secondly above pleaded, says that he, the plaintiff, by reason of anything in that plea alleged, ought not to be barred from having his aforesaid action, because, he says, that the causes of action in his said declaration set up for which he brought suit, accrued to the plaintiff on the 28th of November, 1894, and the plaintiff says that within two years thereafter, to-wit, on the 9th day of March in the year 1896, he, the plaintiff, began suit against the defendant in this suit, and the said suit so begun was general No. 172968 in the superior court of Cook county, Illinois, and the said suit No. 172968 was brought for the

same causes of action for which this suit is brought; and the plaintiff says that thereafter, to-wit, on the 8th day of December, A. D. 1897, a judgment of non-suit was rendered by the said superior court against him, the plaintiff, in the said suit No. 172968, in the words and figures following:

> " 'Taylor A. Snow }
>            *v.*                              } *Case.*
> National Electric Construction Company,  }
>    University Club and William D. Boyce. }

" 'This day come the parties hereto, by their attorneys, respectively; and the jury empaneled herein, as aforesaid, also come, and thereupon the plaintiff declines to proceed with the trial of said cause, and the court orders a non-suit in this cause. Therefore it is considered by the court that the defendants, National Electric Construction Company, University Club and William D. Boyce, do have and recover of and from the plaintiff their costs and charges in this behalf expended, and have execution therefor.'

" 'And the plaintiff says that he was in the said suit No. 172968 thereby non-suited, and within one year thereafter, to-wit, on the 18th day of January, 1898, he, the plaintiff, began his above entitled suit against this defendant, and the plaintiff says that this his said suit as above entitled is brought for the same causes of action as said suit No. 172968, wherein the said plaintiff was non-suited, as aforesaid; and this the plaintiff is ready to verify by the record in said suit No. 172968, wherefore he prays judgment and his damages, etc., to be adjudged to him,' etc.

"The defendant demurred to this replication, and the demurrer was overruled by the court. The legal question presented is whether the non-suit mentioned in the replication was voluntary on the part of the plaintiff or involuntary. If the former, the replication is bad; if the latter, it is good.

"The Statute of Limitations contains the following provision: 'If the plaintiff be non-suited, then if the time limited for bringing such action shall have expired dur-

ing the pendency of such suit, the said plaintiff, his or her heirs, executors or administrators, as the case shall require, may commence a new action within one year after such judgment reversed or given against the plaintiff, and not after.' (2 Starr & Cur. Stat. p. 2642, par. 25.)

"This provision applies solely to involuntary non-suits, such as are known to the common law, and not at all to voluntary non-suits, such as are permitted by section 49 of the Practice act. (*Holmes* v. *Chicago and Alton Railroad Co.* 94 Ill. 439; *Gibbs* v. *Crane Elevator Co.* 180 id. 191.) In the former case the court defined and distinguished between voluntary and involuntary non-suits, saying: 'A voluntary non-suit is said to be an abandonment of a cause by a plaintiff and an agreement that a judgment for costs be entered against him; but an involuntary non-suit is where a plaintiff, on being called when the case is before the court for trial, neglects to appear, or when he has given no evidence upon which the jury could find a verdict.' The court cites Jacobs' Law Dictionary, in which it is said: 'A non-suit can only be at the instance of the defendant,' etc.,—which language refers to involuntary non-suits; and after citing other authorities the court say: 'Thus we see by the common law practice there was no non-suit except on the motion of the defendant.' See, also, 2 Tidd's Pr. 867, 868, to the same effect as Jacobs' Dic. cited *supra*.

"In *Elmore* v. *Grymes*, 1 Pet. 469, the court, Marshall, C. J., delivering the opinion, say: 'The court has had this case under consideration, and is of opinion that the circuit court had no authority to order a peremptory non-suit against the will of the plaintiff. He had a right, by law, to a trial by jury and to have had the case submitted to them. He might agree to a non-suit, but if he did not so choose the court could not compel him to submit to it.' Neither the report of the case nor the opinion discloses the particular circumstances under which the order of non-suit was entered.

"In *Herring* v. *Poritz*, 6 Ill. App. 208, the court, McAllister, J., delivering the opinion, distinguish between voluntary and involuntary non-suits, and say: 'An involuntary non-suit takes place when the plaintiff, on being called when his case is before the court for trial, neglects to appear, or when he has given no evidence on which a jury may find a verdict.—*Pratt* v. *Hull*, 13 Johns. 334. See, also, Bacon's Abr. tit. 'Non-suit,' 214; 2 Tomlin's Law Dic. same title.'

"In *Delano* v. *Bennett*, 61 Ill. 83, the cause was called for trial, the parties being present by their attorneys, when the plaintiff's attorney objected to it being tried, which objection the court overruled and called a jury, when the plaintiff's attorney, without submitting to a non-suit, withdrew from the case. The jury returned a verdict for the defendant and judgment was rendered on the verdict, from which the plaintiff appealed, and, on appeal, urged, as ground for reversal, that the court erred in not entering judgment as in case of a non-suit. The court say: 'If, when a cause is regularly called upon the docket, the plaintiff do not appear, the court should dismiss the suit for want of prosecution and render judgment as in case of non-suit. But if he appear and is present when the trial commences, then, though he object to the cause being tried, yet if he desire a non-suit he must make his desire known by asking for it. The equivocal act of counsel withdrawing from the cause is not a withdrawal of the cause from the court.' This is in accordance with the text of Tidd, where the author says: 'But where the case turns on a question of fact, it ought to be submitted to the jury, unless the plaintiff's counsel expressly assent to being non-suited, a mere tacit acquiescence not being, it seems, sufficient.' 2 Tidd's Pr. 867.

"In the present case, as in the case of *Delano* v. *Bennett*, *supra*, the parties were in court by their attorneys when the case was called for trial, and the plaintiff's attorney did not ask for a non-suit but merely declined to proceed

with the trial. Under these circumstances we think it clear, in view of the authorities cited, that the non-suit was involuntary and that the demurrer was properly overruled. The question whether the entry of judgment, as in case of a non-suit, by the court of its own motion, was or not erroneous, is not involved, because whether such judgment was right or wrong does not affect the question whether it was voluntary or involuntary on the part of the plaintiff.

"The accident which occasioned the injury was the falling of a high smoke-stack erected in the rear of the defendant's premises, and the upper part of which was fastened to his building, upon the sky-light of a building in the rear of the defendant's premises, under which sky-light the plaintiff was standing when the smoke-stack fell. There was evidence in the case to the effect that the smoke-stack was erected partly on the ground of an adjoining proprietor and partly on ground leased by the defendant to the adjoining proprietor. In view of this evidence the defendant's attorney asked certain instructions, to the effect that in such case the tenant, and not the landlord, is responsible, which were refused by the court. In the recent case of *Boyce* v. *Tallerman*, 183 Ill. 115, the facts were substantially the same as in the present case, and the court, construing a lease from Boyce to the University Club, the adjoining proprietor above mentioned, (which lease is in evidence in the present case,) held, as matter of law, that Boyce was directly responsible. We therefore think there was no error in refusing the instructions. The court gave to the jury thirteen instructions on behalf of the defendant, and we think the jury was fully and fairly instructed, and that there was no error in the refusal of any instruction.

"Defendant's attorney requested the court to submit to the jury eleven special interrogatories, but the court refused to so submit any of them. The interrogatories all relate to mere evidentiary facts, and the answer to

none of them, even if favorable to the defendant, could control the general verdict.    Therefore, the court properly refused to submit them to the jury.

"In *Boyce* v. *Tallerman, supra,* the court held Boyce liable, and the facts in that case being substantially the same as in this, the law announced by the court in that case must control this."

After what we have said in *Boyce* v. *Tallerman, supra,* it is unnecessary to say more than that we concur in the views expressed in the foregoing opinion of the Appellate Court, and we adopt the same as our opinion.

<div align="right">

*Judgment affirmed.*