GEORGE HINCHLIFF

*v.*

JOSEPH RUDNIK.

*Opinion filed December 22, 1904.*

1. PLEADING—*uncertainty in stating cause of action is cured by verdict.* Failure of a declaration "to state with certainty a cause of action" is not equivalent to a failure to state any cause of action, and if not taken advantage of by special demurrer is cured by the verdict.

2. SAME—*when want of express allegation is cured by verdict.* Want of express allegation in the declaration of any matter necessary to be proved, and without proof of which the jury could not have given the verdict, is cured by verdict if the declaration contains terms sufficiently general to comprehend such matter by fair and reasonable intendment.

3. APPEALS AND ERRORS—*whether negligence was that of the defendants is a question of fact.* Whether the negligence complained of in a personal injury case was that of the defendants or of third parties for which the defendants were not responsible is a question of fact not open for review in the Supreme Court.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county;. the Hon. JOHN GIBBONS, Judge, presiding.

This is an action on the case, originally begun on August 15, 1887, in the circuit court of Cook county by the defendant in error against plaintiff in error, and his partner, one Edward Harlan,. to recover damages resulting from injuries, received by defendant in error on December 4, 1886, while working for plaintiff in error and said Harlan as a bricklayer upon the walls of a gas-tank holder, then being constructed by said firm in Chicago near the intersection of Division street and Elston avenue. The declaration in the suit, as thus originally begun, was filed at the April term, 1888, and consisted of one count, which was the same as the first count of the declaration, subsequently filed on April 7,

1893, as hereafter stated. The suit, as thus begun, was pending until May 17, 1892, at which time an involuntary non-suit was entered against the defendant in error, the plaintiff therein. On March 29, 1893, defendant in error commenced a second suit in said court, and the declaration therein was filed on April 7, 1893, and consisted of two counts. To this declaration the plaintiff in error and his co-defendant, Harlan, filed the general issue, and the plea of the Statute of Limitations. The defendant in error filed to the plea of the Statute of Limitations a replication, setting forth that the first action was commenced against the defendant within two years after the right of action accrued, and that the plaintiff was non-suited, and that the present action was brought within one year after the entry of the non-suit. The defendant in error also filed an amended replication to the plea of the Statute of Limitations, stating the date of the non-suit and setting out the record. On February 19, 1896, the plaintiff in error and his co-defendant, Harlan, rejoined *nul tiel record*. Upon the issues thus joined a trial was had on March 25, 1896, resulting in a verdict for the defendant in error, plaintiff below, for $5000.00.

On April 4, 1896, the circuit court granted a new trial, and on October 24, 1896, a second verdict was rendered in said cause for defendant in error for $6300.00. Upon the latter verdict judgment was rendered, and an appeal was taken therefrom to the Appellate Court. On May 6, 1897, the Appellate Court reversed the judgment, and remanded the cause to the circuit court. The order of the Appellate Court, reversing the judgment and remanding the cause, was filed in the circuit court on August 5, 1897.

On December 11, 1899, by permission of the court, defendant in error filed seven additional counts to the declaration. To these counts the defendants, plaintiff in error and Harlan, filed the plea of general issue and the plea of the Statute of Limitations. Defendant in error filed a replication to the plea of the Statute of Limitations, setting up the

commencement of the first suit, the non-suit entered therein, and the commencement of the present suit within one year from the entry of the said non-suit, and that the additional counts, filed on December 11, 1899, were but re-statements in various forms of the cause of action, for which the first suit was brought. The plaintiff in error filed a rejoinder to such replication, alleging that there was no such record as referred to therein. On October 6, 1900, the death of Edward Harlan was suggested, and the suit was dismissed as to his representatives, who had specially entered their appearance; the suit thereupon proceeded against the plaintiff in error alone. A third trial was then had, and, as a result thereof, a third verdict was rendered in favor of the defendant in error on September 27, 1902, for $16,000.00. The defendant in error remitted $6000.00 from the verdict, and thereupon a new trial was denied, and on October 4, 1902, judgment was entered in favor of defendant in error for $10,000.00, and costs. From this judgment for $10,000.00 an appeal was taken to the Appellate Court, and the Appellate Court has affirmed said judgment of the circuit court for $10,000.00. The present writ of error is sued out from this court for the purpose of reviewing the judgment of affirmance, so entered by the Appellate Court.

The material facts are substantially as follows: Plaintiff in error, Hinchliff, and Harlan, were partners and contractors, engaged in building a gas-tank holder near the intersection of Division street with Elston avenue in Chicago, and, to that end, in making an excavation and constructing a foundation for the gas tank. They had been engaged in this work for over two months prior to December 4, 1886, and defendant in error was on said last mentioned day a bricklayer in their employ. Defendant in error and others were laying brick upon the wall of the tank holder, then being constructed, at a point about twenty-five feet below the street level. The trench was about fifty feet deep, and more than two hundred feet in diameter, about

ten feet wide at the bottom and twenty-five or thirty feet wide across the top. The wall in the trench was at the bottom about eight feet wide, and at the top about five feet wide, and had been built at the time of the accident to about twenty-five feet below the street level. The evidence tends to show that, in preparing the trench for the brick walls, the dirt had been thrown and hauled up on the banks of the outside of the work, forming a hill or slope, so that from the top of the elevation the ground slanted towards the center of the gas-tank holder. There was a bridge across the ditch, in which the wall was being constructed, which was used by teams that brought cement and other material by way of Elston avenue, the hole for the excavation for the tank being in an angle made by the intersection of Division street with Elston avenue. This bridge ran from the side of the tank excavation to about the center of the excavation and started from the outside, so that its inner end was lower than its outer end. The teams in delivering material for the work were driven upon this bridge. The edges of the excavation for the tank were not barricaded, and there was no protection sufficient to prevent materials from slipping into the excavation. The evidence tends to show that, while defendant in error was working for plaintiff in error and his partner, their foreman, a man called Chris, about 4:45 in the afternoon of December 4, 1886, when defendant in error was about fifty feet from the bridge, came to him and told him to come over and finish this work, that is to say, to go down into the trench and lay brick upon the wall north of and near the bridge, and showed him where to work, and that, in pursuance of such direction by the foreman, he went to work under the bridge, when in a short time a pipe fell down and struck and broke his leg. The evidence also tends to show that it was from twenty-five to thirty feet from the ground level to the place where the defendant in error was working when hurt. The iron pipe, which caused the injury, had been used by the teamsters to lock the wheels of their wagons by

inserting it through the spokes to arrest the speed of the wagons, while going down the slope to the bridge where the teams were usually stopped, and the pipe was pulled out and thrown upon the ground. The pipe was about eight or nine feet long and four inches thick and was made of iron, though there is testimony, tending to show that it was about six inches thick and eight feet long. At the time of the injury the pipe had been taken from the wheels and left on the bank, and, after being taken out of the wheels, was thrown down onto the bank and rolled thence upon the defendant in error. There is evidence, tending to show that upon this occasion this pipe was pulled out from the wheels by the foreman, Chris, and thrown down upon the bank or slope, from which it fell into the trench upon the wall where defendant in error was working, breaking his leg, crushing his ankle, and permanently injuring him. There is evidence, tending to show that one of the foremen in the service of the defendant saw the pipe fall, but gave no alarm.

EDWIN F. ABBOTT, for plaintiff in error.

JAMES R. WARD, for defendant in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

In this case no errors are assigned as to the giving or refusal of instructions, or the admission or exclusion of evidence, except the refusal of a written instruction asked of the court, requiring the jury to find for the defendant for the reason hereinafter stated.

Inasmuch as three juries have found the facts the same way, it seems to be eminently proper that there should be an end of the controversy so far as the facts are concerned. (*Parmly* v. *Farrar,* 204 Ill. 38, and cases there cited).

The contention of the plaintiff in error is that the declaration, filed on April 7, 1893, did not state a cause of ac-

tion, and that the additional counts, filed on December 11, 1899, were filed after the Statute of Limitations had barred recovery on the cause of action stated therein.

Section 25 of the Limitation act provides that, in any of the actions specified therein, "if the plaintiff be non-suited, then, if the time limited for bringing such action shall have expired during the pendency of such suit, the said plaintiff, his or her heirs, executors or administrators, as the case' shall require, may commence a new action within one year after such judgment reversed or given against the plaintiff, and not after." (2 Starr & Cur. Ann. Stat.—2d ed.—pp. 2642, 2643). It has been held that this statute does not apply to voluntary non-suits. (*Holmes* v. *Chicago and Alton Railroad Co.* 94 Ill. 439). It appears from the statement of the facts preceding this opinion, that an involuntary non-suit was entered against defendant in error, but that, within a year after such non-suit, to-wit, on March 29, 1893, a second suit was begun and the declaration filed therein on April 7, 1893. It is not contended by counsel for plaintiff in error in the argument filed, that a cause of action is not sufficiently stated in the additional counts, filed on December 11, 1899. The only objection, made to such additional counts, is based upon the claim that they were filed after the Statute of Limitations had barred a recovery on the cause of action therein stated. It is true that, at the time the additional counts were filed on December 11, 1899, more than two years had elapsed since the accident took place. Therefore, if the declaration, filed on April 7, 1893, failed to state a cause of action, and by the additional counts, or amendments, filed on December 11, 1899, a new cause of action was sought to be introduced, the same was barred, and the plea of the Statute of Limitations thereto should have been sustained. (*Foster* v. *St. Luke's Hospital,* 191 Ill. 94; *Schueler* v. *Mueller,* 193 id. 402). The material question, then, is, did the declaration filed on April 7, 1893, state a cause of action? If the latter declaration merely stated a cause of action defectively, the

cause of action, stated in the additional counts, is not barred by the Statute of Limitations, such additional counts being but a re-statement of the cause of action set out in the declaration filed on April 7, 1893; and the running of the Statute of Limitations was arrested by the commencement of the suit on August 15, 1887, and of the second suit on March 29, 1893, within one year from the date of the non-suit entered in the action first commenced. (*Chicago, Burlington and Quincy Railroad Co.* v. *Jones,* 149 Ill. 361; *Swift & Co.* v. *Madden,* 165 id. 41).

As we understand the argument of counsel for plaintiff in error, it is conceded that the objection to the declaration of April 7, 1893, is that "it fails to state with certainty a cause of action." The declaration, filed April 7, 1893, is said to be "faulty because it is uncertain." The fault, thus found with the declaration of April 7, 1893, is one which, under the common law practice and the statutes of the State, should be availed of by special demurrer, and is cured by verdict. "The want of a certainty and an ambiguous expression in a declaration are cured by verdict." (1 Chitty's Pl. marg. p. 236). "It may here suffice to observe that the want of sufficient certainty is generally aided by verdict at common law." (1 Chitty's Pl. marg. p. 261). Where no title or ground of action is set out, the declaration will not be aided by verdict, but where a declaration or other pleading sets forth a good title or ground of action defectively, it will be cured by verdict. (1 Chitty's Pl. marg. p. 673). "Where there is any defect, imperfection or omission in any pleading, whether in substance or form, which would have been a fatal objection upon demurrer; yet, if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection or omission, is cured by the verdict." (1 Chitty's Pl. marg. p. 673). "In general, uncertainty is only a

matter of form and   *   *   *   will consequently be aided *   *   *   after verdict   *   *   *   by the statutes of jeo-fails." (1 Chitty's Pl. marg. p. 677). Clauses 5 and 9 of section 6 of the act in relation to amendments and jeofails provide that no judgment shall be arrested or stayed after verdict and no judgment upon verdict shall be reversed "for any mispleading, insufficient pleading," etc., or "for the want of any allegation or averment on account of which omission a special demurrer could have been maintained." (1 Starr & Cur. Ann. Stat.—2d ed.—p. 390).

Therefore, it appearing here that the objection, made to the declaration, is that it "fails to state with certainty a cause of action," and not that it fails to state any cause of action at all, it follows that the present judgment cannot be reversed on account of such defect. There is here merely a defective statement of a cause of action, and not a statement of a defective cause of action, and, while the latter will not be assisted by verdict, the former is always aided by the verdict of the jury. (*Chicago and Alton Railroad Co.* v. *Clausen,* 173 Ill. 100; *Chicago City Railway Co.* v. *Jennings,* 157 id. 274; *Cribben* v. *Callaghan,* 156 id. 549; *Chicago and Eastern Illinois Railroad Co.* v. *Hines,* 132 id. 161; *Joliet Steel Co.* v. *Shields,* 134 id. 209; *Keegan* v. *Kinnare,* 123 id. 280).

It is said that the declaration, filed on April 7, 1893, does not state a cause of action, because it is in the alternative and disjunctive form, and does not allege material facts, from which it can be inferred that there is any liability on the part of plaintiff in error, and because it does not allege that the defendant in error was in the employment of the plaintiff in error, or that he was in the position where he was injured by the direction of the plaintiff in error; and because it does not allege that the alleged dangerous conditions were known to the plaintiff in error, or ought to have been known by him. It is unnecessary for us to set out and comment upon all the different allegations of the declaration, filed April 7, 1893, for the purpose of showing that it is not subject to

the objections here urged against it. Such a course would swell this opinion to an inordinate length. It is sufficient to say that, after a careful examination of the declaration in question, we are of the opinion that, although it may have been held to have been defective upon demurrer, yet the defects alleged against it are not of such a character that they were not cured by the verdict. It has been held by this court that, "if the declaration contains terms sufficiently general to comprehend, by fair and reasonable intendment, any matter necessary to be proved, and without proof of which the jury could not have given the verdict, the want of an express statement of it in the declaration is cured by the verdict." (*Chicago and Alton Railroad Co.* v. *Clausen, supra*). In the declaration here under consideration, while it may have been justly subject to demurrer for the want of an express statement of the matters referred to in the objections of counsel, yet it contains terms sufficiently general to comprehend, by fair and reasonable intendment, such matters, embraced within the scope of the objections, as it was necessary for the defendant in error to prove. Consequently, we concur in the following statement, made by the Appellate Court in their opinion deciding this case, to-wit: "There is a manifest difference between not stating any cause of action and not stating a cause of action with certainty. We have examined the original declaration, and are of the opinion that it states a cause of action, and that there are no defects in it insusceptible of cure by verdict.—*Illinois Central Railroad Co.* v. *Simmons*, 38 Ill. 242; *Toledo, Peoria and Warsaw Railway Co.* v. *McClannon*, 41 id. 238; *Demesmey* v. *Gravelin*, 56 id. 93; *Barker* v. *Koozier*, 80 id. 205."

One of the defenses, interposed by plaintiff in error, was that some time in the afternoon of December 4, 1886, the People's Gas Light and Coke Company had sent its teams to the place where the accident occurred, and was engaged in hauling cement and material, intending to stop plaintiff in error and his partner from completing the work, and that

212—37

the wagon used at the time to draw the load of cement, which was brought down the slant from the top of the hill by the use of the iron pipe as a brake, was a wagon, belonging to the gas company, and in charge of one of its employes, and that, therefore, the plaintiff in error was not liable. This was a question of fact, which was submitted to the jury by proper instructions, and has been found against plaintiff in error. It is not subject to review by this court. In addition to this, counsel in his brief does not discuss this point as it was discussed in the brief before the Appellate Court, and it is, therefore, to be assumed that it has been abandoned in this court.

Something is said in the brief of plaintiff in error to the effect that the decision of the Appellate Court, reversing the judgment and remanding the cause in May, 1897, was conclusive upon that court, and that, therefore, it was error both in the circuit court and the Appellate Court afterwards to disregard such decision. This objection proceeds upon the assumption that the Appellate Court decided, that the declaration of April 7, 1893, did not state any cause of action. But the decision of the Appellate Court was merely that the declaration in question failed to state a cause of action with certainty. For this reason, the point as to the alleged conclusiveness of the first decision of the Appellate Court is not well taken.

After a careful examination of the record in this suit, which has now been pending in the courts of this State for more than seventeen years, we see no good reason for reversing the judgments of the lower courts.

Accordingly, the judgment of the Appellate Court is affirmed.                                *Judgment affirmed.*