# Frank Koch, Administrator, v. Robert D. Sheppard.

## Gen. No. 12,194.

1. STATUTE OF LIMITATIONS—*effect of voluntary non-suit.* The section of the Statute of Limitations which gives to the plaintiff who has suffered an involuntary non-suit the right to re-commence his action within one year, does not apply where a voluntary non-suit has been taken.

Action on the case for death caused by alleged wrongful act. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Affirmed. Opinion filed January 30, 1906.

MATTHEW J. HUSS, for appellant.

A. W. BRICKWOOD, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

One question only is presented by the record in this case: Did the court err in sustaining appellee's demurrer to the second amended replication to appellee's plea of the Statute of Limitations?

This action was commenced by appellant against appellee in the Superior Court April 9, 1902. The declaration avers negligence on the part of appellee on December 14, 1899, causing the death of one John Koch. Appellee pleaded the Statute of Limitations. Appellant's second amended replication averred that the cause of action accrued to plaintiff on December 14, 1899; that on June 29, 1901, he filed in said court in cause No. 209,587 his declaration setting out the said identical cause of action and the cause proceeded to trial and that after all his proofs were in and he had rested his case, the court ruled that no evidence had been produced upon which a verdict could be rendered in favor of the plaintiff, and that he would have to direct a verdict for the defendant, and thereupon the plaintiff moved the court for an involuntary non-suit and the court entered an order to the effect that the plaintiff elects to take a non-suit, and therefore it is considered by the court that the defendant do have and recover of the plaintiff his costs and charges in this behalf expended to be paid in due course of administration; and that within one year after said non-suit the plaintiff filed his declaration herein for the same causes of action as in said former suit No. 209,587.

To this replication appellee interposed a demurrer which the court sustained. The plaintiff, appellant, elected to stand by said replication and judgment was rendered for appellee.

In our opinion the court did not err in sustaining the demurrer. In Holmes v. C. & A. R. R. Co., 94 Ill., 439, it was held that the section of our limitation laws giving additional time in case the plaintiff be non-suited does not apply to a voluntary non-suit.

In Boyce v. Snow, 187 Ill., 181, it was held that this provision applied solely to involuntary non-suits; and in distinguishing between voluntary and involuntary non-suits it was said: "A voluntary non-suit is said to be an abandonment of a cause by a plaintiff and an agreement that a judgment for costs be rendered against him, but an involuntary non-suit is where a plaintiff, on being called when the case is before the court for trial, neglects to appear, or when he has given no evidence upon which the jury could find a verdict."

In Gibbs v. Crane Elevator Co., 180 Ill., 191, it was said: "A voluntary non-suit is one granted with the plaintiff's consent, and an involuntary non-suit is one allowed on the motion of the defendant and against the plaintiff's will."

This record shows that the plaintiff moved the court for a non-suit, and his motion was granted. It was therefore a voluntary non-suit. Under the authorities cited the second amended replication did not answer the plea and the demurrer was properly sustained.

The judgment of the Superior Court is affirmed.

*Affirmed.*