## John Kennedy, Appellant, v. William C. Flick, Appellee.

## Gen. No. 5492.

1. PLEADING—*what essentials of special replication.* A special replication to a special plea must either deny the facts set up in the plea or must confess them and state other matter which will avoid the result claimed therefrom.

2. JUDGMENTS—*when involuntary non-suit need not be entered.* If a case is regularly called for trial and the plaintiff is present but offers no evidence and does not ask for a non-suit, the court may properly find the issues for the defendant and enter judgment on the finding.

Assumpsit. Appeal from the Circuit Court of La Salle county; the HON. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April term, 1911. Affirmed. Opinion filed October 13, 1911.

JAMES J. CONWAY, for appellant.

ARTHUR H. SHAY, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

John Kennedy sued William C. Flick in assumpsit. By the withdrawal of pleadings and by demurrers sustained to pleadings, they were reduced to the third

count of the declaration, which was the common indebitatus assumpsit count for money had and received, the general issue, with similiter thereto, and a special plea, an additional replication to said special plea, and a demurrer to said additional replication which demurrer the court sustained. Plaintiff elected to abide by said additional replication and gave notice that he relied solely for his cause of action upon the facts set forth in said additional replication and had no other claim against defendant. The jury was waived, the cause was set to be tried twelve days later, and on the day fixed was called for trial, plaintiff appeared but offered no evidence, the court found the issues in favor of defendant and that plaintiff had no cause of action, and entered judgment for costs against plaintiff. Plaintiff appeals.

Plaintiff's special plea alleges that defendant was the acting treasurer of the village of Ransom; that an ordinance had been adopted by the corporate authorities of said village for laying a concrete sidewalk along certain streets in said village and for paying a portion of the cost thereof by special assessment against the real property abutting upon said sidewalk; that plaintiff owned real property abutting upon said sidewalk; that said sidewalk was constructed and plaintiff received the benefit thereof and in consideration of the construction of said sidewalk and the benefit so received by him, plaintiff voluntarily paid defendant as such treasurer the money due from plaintiff to said village of Ransom on account of the construction of said sidewalk, which money defendant as village treasurer accounted for to said village and paid out long prior to the commencement of this suit upon vouchers duly drawn upon him as such village treasurer by the corporate authorities of said village, which is the identical money plaintiff seeks to recover from defendant in this action. The additional replication to said special plea avers that plaintiff ought not to

be barred from having his said action by anything in
that plea alleged, because defendant represented to
plaintiff that a certain tax or special assessment was
levied upon certain real estate of plaintiff situated in
the village of Ransom and that, by reason of such re-
presentations, plaintiff paid to defendant as treasurer
of said village the sum of money in said special plea
mentioned; and the plaintiff averred that in fact there
was no such special assessment or tax levied against
any real estate of plaintiff in said village of Ransom,
and that, having afterwards ascertained that there
was no such special assessment or tax levied against
any real estate of plaintiff in the village of Ransom,
he, the plaintiff, while defendant had said money of
plaintiff in his possession and before defendant had
paid out the same or any part thereof upon vouchers,
duly drawn upon defendant as said village treasurer
by the corporate authorities of said village, demanded
of defendant that he repay to plaintiff said money,
being the same money in said special plea mentioned,
but defendant refused and still refuses to repay the
same to plaintiff or any part thereof.

It is fundamental that a special replication to a
special plea must either deny the facts set up in the plea
or must confess them and state other matter which will
avoid the result claimed therefrom. This additional
replication neither denied nor confessed the allega-
tions of the plea that the corporate authorities of the
village had adopted an ordinance for the laying of
a concrete sidewalk along certain streets, and for pay-
ing part of the cost thereof by special assessment
against the real property abutting on the sidewalk;
that plaintiff owned real property abutting on said
sidewalk; that the walk was constructed and plaintiff
received the benefit thereof; that in consideration of
the construction of the sidewalk and of the benefit
which plaintiff received therefrom he voluntarily paid
to defendant as such treasurer the money due from

plaintiff to the village of Ransom on account of the construction of said sidewalk. Instead of confessing or denying these material allegations, plaintiff averred that defendant told him that a certain tax or special assessment had been levied on plaintiff's real estate in said village, and relying on that representation, he paid the money mentioned in the plea, when, in fact, no such tax or special assessment had been levied against his real estate. Plaintiff does not deny that the walk had been built and his property had been benefited and that he voluntarily paid the money because of the building of such sidewalk and of the resulting benefit to him, but he alleges that defendant told him there was a special assessment, and he paid the money because defendant told him that, when in fact there was no special assessment. This was a clear departure from the plea. It was an attempt to re-state a cause of action without answering the plea. The court properly sustained the demurrer.

Though plaintiff elected to abide by his demurrer, and one plea to all that was left of the declaration was thereby confessed, and that confession entitled defendant to a judgment in bar, yet the court did not at once enter such judgment in bar, but proceeded to call the case for trial. The record shows that on the day set for the trial the parties appeared by their respective attorneys, and plaintiff made certain motions which the court granted, and then the court called the case for trial, and plaintiff offered no evidence, and the court found the issues for the defendant and entered judgment for defendant and against plaintiff for the costs. Plaintiff argues that the court should have entered an involuntary non-suit against him instead of a judgment in bar. There are early cases in the state holding that if plaintiff does not appear, or when he has given no evidence upon which a verdict may be based, an involuntary non-suit should be entered, and such seems to be the common law. Tidd's Practice

868; Herring v. Poritz, 6 Ill. App. 208. We conclude, however, that the distinction laid down in Delano v. Bennett, 61 Ill. 83, must prevail here. The court there said: "If when a cause is regularly called upon the docket, the plaintiff do not appear, the court should dismiss the suit for want of prosecution and render judgment as in case of non-suit. But if he appears, and is present when the trial commences, then, though he object to the case being tried, yet, if he desire a non-suit, he must make his desire known, by asking for it." The later case of Holmes v. C. & A. R. R. Co., 94 Ill. 439, said there should be an involuntary non-suit if plaintiff had given no evidence upon which the jury could find a verdict. In Boyce v. Snow, 187 Ill. 181, both Delano v. Bennett and Holmes v. C. & A. R. R. Co., were quoted from, and the Delano case at length. In Boyce v. Snow, *supra,* there had been a judgment of non-suit, in a previous suit between the same parties for the same cause of action, when plaintiff declined to proceed with the trial. It was held that that non-suit was involuntary; but the court took pains to show that it did not decide whether such judgment of non-suit was or was not erroneous. In Sanitary District v. Chapin, 226 Ill. 499, the court treated Delano v. Bennett, *supra,* as an effective decision that if the parties appear and defendant insists upon a trial, the court cannot dismiss the case for want of prosecution (an involuntary non-suit), but the plaintiff must elect to take a non-suit (a voluntary non-suit), or let the case go to trial. So far as the language in the Holmes case seems inconsistent with that used in the Delano case, we conclude that the Delano case has the later approval of the Supreme Court. Therefore we hold that as the case was regularly called for trial and plaintiff was present and offered no evidence and did not ask for a voluntary non-suit, the court properly found the issues for defendant and entered judgment on the finding. We so hold the more readily because defendant was also en-

titled to a judgment in bar under the special plea confessed by the defendant.

The judgment is therefore affirmed.

*Affirmed.*