## STANLEY v. BIRD.
### Civ. No. 1691.

United States District Court
W. D. Kentucky, at Louisville.
Aug. 13, 1949.

William F. Clarke, Randolph A. Brown, Louisville, Kentucky, for plaintiff.

Stanley B. Mayer, Louisville, Kentucky, for defendant.

SHELBOURNE, Chief Judge.

May 25, 1949, plaintiff filed this action in this Court seeking to recover for personal injuries alleged to have been sustained by him in Cook County, Illinois, and which he claims resulted from the negligent operation of a motor vehicle by the defendant, and that when said accident occurred both plaintiff and defendant were residents of the State of Illinois.

Numbered paragraph 8 of the Complaint is as follows: "That on July 1, 1947, the plaintiff filed a similar complaint in the Circuit Court of Cook County, Illinois, No. 47C8691, styled, "Richard Stanley vs. Horace T. Bird" wherein the defendant has never been served, he having left the State of Illinois."

June 18, 1949, defendant filed a motion to dismiss on the ground that the action in this Court was not filed within the limitation period provided by either the State of Kentucky or the State of Illinois. The action is now before the Court on defendant's motion to dismiss.

Rule 8(c) Federal Rules of Civil Procedure, 28 U.S.C.A., provides that the defense of the statute of limitation shall be made by affirmative pleading and ordinarily the defense of limitation must be so made. However, Rule 9(f) is as follows: "Time and place. For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter."

Discussing this rule, Cyclopedia of Federal Procedure 2nd Edition, Volume 4, Section 1319, page 642, there is this statement: "But the provisions of Rule 9(f) that for the purpose of testing the sufficiency of a pleading averments of time are material should not be overlooked. * * * A fair general conclusion to draw from all the authorities seems to be that ordinarily the defense of limitations must be interposed by an answer, unless the legal effect of the bar of limitations conclusively appears from the complaint."

In the case of A. G. Reeves Steel Construction Company v. Weiss, 6 Cir., 119 F.2d 472, 476, the Court said: "Appellant urges on us that the present statute is in effect a limitation upon the remedy and that appellee having failed to plead it as a defense, we are powerless to consider its applicability on this appeal. This contention must be denied. Under the Rules of Civil Procedure, Rule 9(f), 28 U.S.C.A., following Section 723c, for the purpose of testing the sufficiency of a pleading, averments of time are material. Since time is material in an action to recover taxes, a motion to dismiss because the statute of limitations has run, may be utilized without an affirmative defensive plea or supporting affidavits, whenever the time alleged in the petition shows that the cause of action has not been brought within the statutory period. The burden rested on the appellant in this action to allege and prove that its cause was brought within the time limit. * * *"

To the same effect are Wilson v. Shores-Mueller Company, D.C., 40 F.Supp. 729; Berry v. Chrysler Corporation, 6 Cir., 150 F.2d 1002.

Counsel are in agreement that, while ordinarily the law of the forum, in this instance, Kentucky, as to limitations would control, in view of Kentucky Revised Statute 413.320, the limitation laws of the State of Illinois control. KRS 413.320 is as follows: "When a cause of action has arisen in another state or country, and by the laws of the state or country where the cause of action accrued the time for the commencement of an action thereon is limited to a shorter period of time than the period of limitation prescribed by the laws of this state for a like cause of action, then said action shall be barred in this state at the expiration of said shorter period."

A construction of this statute was had in Labatt, etc. v. Smith, etc., 83 Ky. 599; Shallito Company v. Richardson, 102 Ky. 51, 42 S.W. 847; Smith v. Baltimore & O. R. Company, 157 Ky. 113, 162 S.W. 564; Gibson v. Womack, 218 Ky. 626, 291 S.W. 1021, 51 A.L.R. 773.

In Smith v. Baltimore & O. R. Company, supra, the Court of Appeals said [157 Ky. 113, 162 S.W. 566]: "The construction of this statute is no longer an open question. It has been held that the necessary effect thereof is to declare that if a cause of action arising in another state or country between residents of such state or country, or between them and residents of another state or country, is not barred by the laws of that state or country, it is not barred in an action between the same parties in the courts of this state."

In the case of Gibson v. Womack, supra, the Court said [218 Ky. 626, 291 S.W. 1023]: "This court has held that, where the cause of action is not barred in the state where the action originated, and all the parties were residents of that state, it is not barred in this state in a suit between the same parties."

■ That construction of the statute is binding upon this Court, and it is therefore apparent that the statutes of limitation of Illinois control.

Admittedly, actions for personal injury in Illinois are controlled by a two year statute of limitations. Section 24a of Chapter 83, Illinois Revised Statutes, is as follows: "Plaintiff may file new action within year, when. In any of the actions specified in any of the sections of this act, if judgment shall be given for the plaintiff, and the same be reversed by writ of error, or upon appeal; or if a verdict pass for the plaintiff, and, upon matter alleged in arrest of judgment, the judgment be given against the plaintiff; or, if the plaintiff be non suited, then, if the time limited for bringing such action shall have expired during the pendency of such suit, the said plaintiff, his or her heirs, executors, or administrators, as the case shall require, may commence a new action within one year after such judgment reversed or given against the plaintiff, and not after."

Admittedly, the action instituted by plaintiff in Cook County, Illinois, on July 1, 1947, is now pending. The plaintiff's contention is that he could at any time have his Illinois suit dismissed for failure to prosecute, and then under the applicable Illinois saving statute commence an action within one year against defendant in the Western District of Kentucky.

■ That a new action may be brought in Federal Court after a dismissal in State Court under this tolling statute is plain. Lamson v. Hutchings, 7 Cir., 118 F. 321, certiorari denied 189 U.S. 514, 23 S.Ct. 853, 47 L.Ed. 924; Merko v. Sturm & D. Co., 6 Cir., 233 F. 68; Privett v. West Tennessee Power & Light Company, D.C., 19 F.Supp. 812, affirmed by the Court of Appeals of this Circuit, 103 F.2d 1021.

■ Plaintiff's contention that his right, unexercised, to dismiss the action pending in the State Court of Illinois and thus come within the saving statute is not tenable. The Courts of Illinois hold that the statute does not apply to voluntary nonsuit but only to involuntary nonsuit. Indeed, that is the language of the statute. Holmes v. Chicago & A. R. Co., 94 Ill. 439; Gibbs v. Crane Elevator Co., 180 Ill. 191, 54 N.E. 200; Boyce v. Snow, 187 Ill. 181, 58 N.E. 403; Hinchliff v. Rudnik,

212 Ill. 569, 72 N.E. 691; and Koch **v.** Sheppard, 223 Ill. 172, 79 N.E. 52.

It is therefore concluded that the Illinois tolling statute requires a plaintiff to be nonsuited and that a mere pendency of a suit in Illinois will not entitle the plaintiff to come within the terms of the tolling statute.

An order sustaining a motion to dismiss will be entered and will be presented by defendant's counsel upon notice to plaintiff.