## GEORGE A. GIBBS

*v.*

## THE CRANE ELEVATOR COMPANY *et al.*

*Opinion filed June 17, 1899.*

1. LIMITATIONS—*paragraph 24 of Limitation act construed.* Paragraph 24 of the Limitation act, (Rev. Stat. 1874, p. 676,) providing that if the plaintiff be non-suited and the time limited for bringing the action shall have expired during the pendency of the suit the plaintiff may sue within one year, refers to involuntary non-suits as known at the common law, and not to voluntary ones.

2. SAME—*paragraph 24 of Limitation act does not apply to non-suit under section 18 of Practice act.* Paragraph 24 of the Limitation act is applicable only to cases where the records of the two suits are such that the court can determine from an inspection thereof that the causes of action are the same, and hence does not apply to a suit for personal injuries begun by the plaintiff within a year after suffering non-suit for failure to file a declaration in the first action, the record of which shows only a *præcipe* and summons in case.

3. PRACTICE—*non-suit for failure to file a declaration is involuntary.* A judgment for the defendant for failure of the plaintiff to file a declaration ten days before the second term of court, as provided in section 18 of the Practice act, (Rev. Stat. 1874, p. 777,) is an involuntary non-suit.

4. EVIDENCE—*when the court cannot presume, nor hear parol evidence, that causes of action are the same.* Where, after the usual *præcipe* and summons in an action of case, the plaintiff is non-suited for failure to file a declaration, the court cannot presume that a second suit brought thereafter for a personal injury was based upon the same cause of action as the first suit; nor is that fact capable of parol proof under such circumstances.

*Gibbs* v. *Chicago Title and Trust Co.* 79 Ill. App. 22, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JONAS HUTCHINSON, Judge, presiding.

LOWDEN, ESTABROOK & DAVIS, for appellant.

HAWLEY & PROUTY, and WILLIAM J. HYNES, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an action of trespass on the case by appellant, against appellees, to recover damages for personal injuries alleged to have been received through the negligence of the defendant the Crane Elevator Company. To the declaration the defendants filed a plea of the general issue, and subsequently pleaded the two year statute of limitations. Plaintiff filed replications to the latter plea, setting up the origin of the cause of action on May 27, 1892, the commencement of a suit by plaintiff against defendants on March 24, 1894, in the superior court of Cook county, by filing a *præcipe* and service of summons, and that in September following that action was dismissed on motion of defendants and plaintiff non-suited because of his failure to file his declaration by the second term of court; that on February 20, 1895, within one year after the dismissal of the first suit, he began the present action. The replications further allege that the new action so commenced is upon the same cause of action upon which said previous suit was commenced, in which no declaration was filed. Demurrers were sustained to these replications and plaintiff elected to stand by them, whereupon judgment was rendered in favor of the defendants. On appeal to the Appellate Court that judgment has been affirmed, and this further appeal is prosecuted.

As more than two years had elapsed after the alleged cause of action arose and the commencement of this action, it is conceded that plaintiff would have been barred by the Statute of Limitations but for the provisions of paragraph 24 of chapter 83 of the Revised Statutes, extending the time for commencing new actions in certain instances, which paragraph is as follows: "In any of the actions specified in any of the sections of said act, if judgment shall be given for the plaintiff and the same be reversed by writ of error or upon appeal, or if a verdict pass for the plaintiff and upon matter alleged in arrest of judgment the judgment be given against the plaintiff,

*or if the plaintiff be non-suited,* then, if the time limited for bringing such action shall have expired during the pendency of such suit, the said plaintiff, his or her heirs, executors or administrators, as the case shall require, may commence a new action within one year after such judgment reversed or given against the plaintiff, and not after."

Counsel for appellant insist that this case falls within the language of the paragraph "or if the plaintiff be non-suited." This, on behalf of the appellees, is denied, it being contended the paragraph was not intended to apply to a case of this kind; and, also, that the replications are fatally defective, in any view of the first question, because they tender an issue of the pendency of the former suit for the same cause of action to be proved by extrinsic evidence, whereas that issue must be tried by the record of the former suit and cannot be proved by parol. Both questions thus raised may be properly considered as one, namely, was it intended by paragraph 24, *supra,* to extend the time within which an action might be brought by a dismissal of a first suit, because of the failure of the plaintiff to file his declaration ten days before the second term of the court to which the suit was brought.

Section 18 of the Practice act provides, among other things: "And if no declaration shall be filed ten days before the second term of the court, the defendant shall be entitled to a judgment as in case of a non-suit." We have already held in *Holmes* v. *Chicago and Alton Railroad Co.* 94 Ill. 439, that paragraph 24 of our Limitation law refers to involuntary non-suits, as known to the common law, and not to voluntary non-suits. While there is some confusion in the definitions distinguishing voluntary from involuntary non-suits, we are inclined to think the judgment upon the first suit set up in the replications should be regarded as an involuntary non-suit; and this view seems to find support in the language used in *Holmes* v. *Chicago and Alton Railroad Co. supra,* and the authorities there cited,—that is, that a voluntary non-suit is one

granted with the plaintiff's consent, and an involuntary
non-suit is one allowed on the motion of the defendant
and against the plaintiff's will. It does not follow, how-
ever, that "a judgment as in case of a non-suit," for a
failure to file the declaration ten days before the first
day of the second term, is within the spirit and intent
of this paragraph 24. It is conceded that to entitle the
plaintiff to the extension of time claimed, it must appear
that the cause of action sued upon in the first action was
the same identical cause of action for which the present
suit is brought, and the replications recognize this fact
by so averring, but conclude with the usual verification,
instead of "as by the record, etc., will appear," etc. It
needs no argument to show that the record in the for-
mer suit on the facts alleged in the replication gives no
information as to the particular claim upon which that
suit was brought, since the writ, under our practice, un-
like that at the ancient common law, need not, and does
not, in fact, set out the cause of action. And if it be true
that the identity of the actions can be proven by the rec-
ord alone, then it must necessarily follow that this para-
graph of the Limitation law was not intended to apply
to a case like the one at bar, for the reason that it would
be impossible so to give it practical effect.

Counsel for appellant, however, maintain that parol
testimony is admissible to establish that the causes of ac-
tion in the two suits are identical, and also that, in the
absence of proof, the presumption must obtain that the
new suit is for the same cause of action sued upon in the
first. It is true that authorities may be, found holding
that under certain circumstances parol testimony is com-
petent to prove the identity of actions, as in the case
of *Damon* v. *Denny,* 54 Conn. 253. But we are unable to
see how such testimony can be admissible in a cause like
this. When the plaintiff avers that the cause of action
in the first suit is the same as that declared upon in the
present action and claims the right to prove it by parol

testimony, he tenders no issue or fact capable of being proved on his part and disproved on the part of the defendants. Manifestly, his proof would be, in effect, that when he brought his first suit he intended it for the purpose of recovering damages for the same injuries averred in his present declaration. But that proof would be of nothing more than an intention on his part,—that is, that which rested in his own mind and known to no one else. Upon his *præcipe* and summons in the first cause he might have filed a declaration for any one of the many causes of action proper to be brought in case. But suppose he had attempted to conform his proof to the rule held in *Damon* v. *Denny, supra,* by testifying that he had no other claim or cause of action against the defendants except the one set up in his declaration which existed at the time of bringing the first suit. That testimony would still have disclosed nothing except that which was in his own mind, the defendants claiming, as a matter of fact, that he had no cause of action whatever at the bringing of either suit. In the *Damon case* the defendant himself admitted by his proof that there was a transaction between the parties upon which the cause of action was based, and all that he attempted to prove was that there was but a single cause of action, which existed at the time the first suit was brought. It seems clear that to hold that the plaintiff may establish the identity of the actions in a case like the one at bar would be to place the defendant wholly within the power of the plaintiff, and we do not think it was the intention of the legislature to give the statute that effect. We see no more reason for holding that parol testimony is competent in this case to prove that the first suit was upon the cause of action here declared upon, than there would be for admitting such testimony to prove that the cause of action in an original declaration stating no cause of action or containing only the common counts was the same as that set up in additional counts filed after the running of the

Statute of Limitations,—and this, as we have held, can not be done. (*Fish* v. *Farwell*, 160 Ill. 236; *Eylenfeldt* v. *Illinois Steel Co.* 165 id. 185.) In the first of these cases we said (p. 243): "The interpretation and construction to be placed upon pleadings is a question of law for the court, and not a question of fact for the jury    It would be absurd, and a confusion and destruction of the law, to submit to the decision of a jury the matter of the legal identity of the several causes of action which are alleged in the pleadings in a cause."

We are satisfied the provisions of paragraph 24 were only intended to be, and can only practicably be, applied to causes where the record in the two suits is such as that by an inspection of the same the court can determine, as a matter of law, that the first was for the identical claim and cause of action set up in the second.

On the proposition that no proof whatever was necessary on the part of the plaintiff, but that the court should presume that the actions were for the same recovery, counsel for the appellant rely upon what they say is the strong analogy between this case and those in which the suit is begun by *præcipe* and summons before the Statute of Limitations has run but the declaration not filed until after that period.    In such case the presumption obtains that the cause of action set up in the declaration is the same as that for which the summons was issued, and it seems to be thought that on the same principle the court should here presume that the pending suit is for the same cause of action for which the summons was issued in the first suit.    We are unable to perceive the analogy insisted upon.    In the one case there is but a single suit.    The writ being followed by a declaration in the same form of action between the same parties, and nothing appearing to the contrary, the reasonable and natural inference is that but one cause of action is claimed by the plaintiff. But in a case like the one at bar there are two separate and distinct actions, no connection whatever between

them appearing on the face of the record. The first, as we have seen, might have been begun as an action for slander as well as for a personal injury, and we are unable to see upon what reasonable ground it can be presumed it was the latter rather than the former. There is nothing upon which the presumption can be based. It is as reasonable, if not more so, to presume there were two causes of action rather than one, else two suits would not have been brought.

Our conclusion then is, that even though plaintiff's case is within the letter of paragraph 24 it is not within the legislative intent, because it cannot be so applied without violating well settled principles of the law.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*