**Margaret Maloney, Appellee, v. Mark F. Madden et al.,
Appellants.**

### Gen. No. 14,988.

1.   BILL OF PARTICULARS—*when sufficient.*   Slight ambiguity in the
bill of particulars is not fatal; a bill of particulars will be sustained
if it informs the defendant of the nature of the plaintiff's claim.

2.   APPEALS AND ERRORS—*how identity of actions to be determined.*
Whether actions are identical is a question of law for the court and
not for the jury.

Assumpsit.   Appeal from the County Court of Cook county; the
Hon. DAVID T. SMILEY, Judge, presiding.   Heard in this court at the
October term, 1908.   Affirmed on *remittitur.*   Opinion filed March 17,
1910.

P. McHUGH, for appellants.

PLINY B. SMITH, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the
court.

This is an action upon the common counts, in which
plaintiff's demand was for the sum of $557.89.   She
makes affidavit that this is the amount due her.   In

addition to the general issue the defendants pleaded
the statute of limitations. Subsequently the plaintiff
filed an amended bill of particulars. A jury returned
a verdict in plaintiff's favor for $1,033.84, which was
reduced to $1,000 by *remittitur*, and judgment entered
for that sum.

There is evidence tending to show the plaintiff
placed $1,000 in the defendants' hands in December,
1896, to be loaned. She had previously paid them
$400 for the same purpose. She testifies that in
March following defendants told her they had a place
upon which to loan her money and took her out to see
the property. She states she was led to suppose her
money was to be loaned on the place as security, and
consented to that being done, but denies she consented
to the purchase and denies she knew at the time that
it was being made. She says she was afterward in-
formed she had bought the property and that the
money of her's in defendants' hands as her agents
had been applied on the purchase. The deed convey-
ing the property to plaintiff is dated March 12, 1897.
Defendants deny any deception in the matter and pro-
duce a paper signed by plaintiff, dated February 26,
1897, as follows:

"Madden Bros.

Kindly buy for me the property 1425 Dunning street
and apply to the purchase of same the money you hold
belonging to me.

MARGARET MALONEY."

They state they had in their hands at that time $775
belonging to plaintiff which they applied on the pur-
chase. The consideration was $3,350. The convey-
ance was subject to an encumbrance of $2,000, and to
make up the balance of the purchase price defendants
claim that plaintiff agreed to turn over a note of theirs
for $400 and another note for $225, which with the
$775 in defendants' hands would more than make up
the full amount of the consideration. Instead, how-
ever, of paying the full amount in money, defendants

arranged with the grantor to take a lot in Grossdale subdivision belonging to them, which lot they state was charged to plaintiff at $600 and not at $900, the price which defendants received for it from the plaintiff's grantor in payment of the purchase price for the property. The grantor testified that he received from the defendants for the Dunning street property $375 in cash and that the lot at Grossdale "was taken in the deed at a consideration of $900." Defendant's claim that plaintiff knew all about these transactions, that she expressed no dissatisfaction, and employed defendants as her agents to collect the rents, make repairs on the house and pay interest until in December, 1898, when she desired to sell the premises and found the property could not be disposed of at once; that she then expressed great dissatisfaction, insisted defendants should pay her back the purchase price and threatened criminal and civil proceedings if they did not.

Defendants contend the court erred in entering judgment for an amount greater than the amount claimed in plaintiff's bill of particulars, in the admission of evidence and in submitting to a jury under the pleadings the question of the identity of the present cause of action with that in a former suit brought before the statute of limitations had become a bar. As to the first of these contentions, it appears the bill of particulars was amended to state that "the plaintiff's claim is for balance of money deposited with said defendants and now retained by them and for the difference between the real and actual purchase price of property purchased by said defendants for plaintiff." We are of opinion that notwithstanding some ambiguity, the amended bill of particulars sufficiently informed the defendant as to the nature of the claim. McKinnie v. Lane, 230 Ill. 544-548.

It is true, however, that the identity of the cause of action was a question of law for the court and not of fact for the jury. Gibbs v. Crane Elevator Co., 180

Ill. 191-194-5, and cases there cited.    In the case referred to the court quotes from Fish v. Farwell, 160 Ill. 236-243, as follows: ''The interpretation and construction to be placed upon pleadings is a question of law for the court and not a question of fact for the jury. It would be absurd and a confusion and destruction of the law, to submit to the decision of a jury the matter of the legal identity of the several causes of action which are alleged in the pleadings in a cause.'' Defendants' plea of the statute of limitation was replied to by plaintiff. This replication was demurred to, the demurrer was sustained, and leave given to plaintiff to amend. The amended replication is to the effect that suit on the claim had been begun within five years, that subsequently an involuntary non-suit had been suffered and that the present suit is for the same cause of action and was commenced within one year after the involuntary non-suit, and concluded to the country. Instead of demurring, the defendants joined issue upon the replication. The question of the identity of the cause of action was, as we have said, for the court alone; but its submission to the jury was at the most superfluous and not harmful. The court itself apparently found that ''this suit is for the same cause of action'' as the former.

It is urged in behalf of plaintiff that defendants as plaintiff's agents ''had no right to make any profit out of the trade'' by which plaintiff acquired the Dunning street property. Defendants' own testimony tends to show that they were allowed $900 for the Grossdale lot when they turned it in to the grantor of the Dunning street property in lieu of that amount of plaintiff's money, and they rendered plaintiff a statement of the transaction in which they credit her with money or its equivalent in their hands amounting to $1,471.57 and charge her with the full $1,350 as having been paid by them to the grantor for his equity in the Dunning street property. But they did not pay that amount. They actually paid only $450 and turned

in the Grossdale lot of their own for the balance of $900. If the lot was put in for more than it was worth, then the transaction was a fraud on plaintiff by her agents to the extent of the excess. The grantor testifies that at that time "the lot had a valuation of $300." The defendants' evidence tends to show it was worth $900. They state, however, that it "was put in at $600" and that "the commissions, accrued interest and all that, made up to $900." What these commissions and other expenses were and to whom paid they do not explain. The burden is on them to account for the plaintiff's money in their hands, and they have failed to account in any satisfactory way for at least $300 of the $900 applied to their own use. This sum, representing the difference between the price of the Grossdale lot which defendants put into the purchase of the Dunning street property and what they charged plaintiff therefor, the latter is entitled to recover with interest thereon from April 17, 1897. She is also entitled to judgment for $26.34 which defendants formerly tendered and conceded to be due. Plaintiff's attorney also claims the $50 collected from the grantor. There is evidence, however, tending to show that this charge was not illegitimate.

If therefore plaintiff shall within ten days hereafter remit the excess of the judgment appealed from over and above $326.34 with interest added from April 17, 1897, on the sum of $300, the judgment for the balance will be affirmed. Otherwise it will be reversed and the cause remanded.

*Affirmed on remittitur; otherwise reversed and remanded.*

March 25, 1910, *remittitur* filed and judgment affirmed for $520.09.