648

RAYMONA GONZALEZ, Adm'r of the Estate of Juanita Caraveo, Deceased, Plaintiff-Appellant, v. THOREK HOSPITAL AND MEDICAL CENTER *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—87—1221

Opinion filed July 20, 1989.

JIGANTI, P.J., dissenting.

Michael W. Rathsack, of Chicago (Louis S. Goldstein and Cindy G. Fluxgold, of counsel), for appellant.

French, Rogers, Kezelis & Kominiarek, of Chicago (Algimantas Kezelis and Russell P. Veldenz, of counsel), for appellee Mitchell V. Kaminski.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Anthony J. Alholm, Joshua G. Vincent, Susan A. Wagener, and Gerald Haberkorn, of counsel), for appellee Thorek Hospital and Medical Center.

Arnstein, Gluck, Lehr & Milligan, of Chicago (Arthur L. Klein, Fredric J. Entin, and David S. Waxman, of counsel), for appellee Arnold Kaplan.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Raymona Gonzalez, administrator of the estate of Juanita Caraveo, deceased, appeals from the order and judgment of the circuit court of Cook County dismissing her complaint based on the tolling of the statute of limitations. The sole issue for review is whether the document filed in 1984 prior to the expiration of the statute of limitations constituted a complaint sufficient to allow plaintiff to refile the action after the expiration of the statute of limitations, pursuant to section 13—217 of the Code of Civil Procedure (hereinafter the Code) (Ill. Rev. Stat. 1985, ch. 110, par. 13—217).

We affirm.

On June 14, 1984, plaintiff filed a document purporting to be a complaint against Thorek Hospital (hereinafter Thorek or the Hospital) and various doctors. The document consisted of four typewritten pages. The first three pages identified Thorek as a hospital and the individual defendants as doctors. The doctors were noted as agents and employees of the Hospital. The document also stated that decedent had entrusted Thorek with her care on or about June 14, 1982, and that she had been in the exercise of due care. Further, the document alleged a duty on the part of the Hospital, by and through its agents, to render services commensurate with the medical needs of the patients at Thorek. The last page revealed the signature of plaintiff's attorney. Defendants were never served in this action; they received no notice until September 15, 1985, after the statute of limitations had expired. On December 14, 1984, the action was dismissed for want of prosecution.

On July 5, 1985, plaintiff refiled her action pursuant to section 13—217 of the Code. On the same day, plaintiff was appointed the administrator of decedent's estate. The complaint contained 16 counts alleging negligence, which occurred on June 14, 1982, against defendants. The Hospital, Dr. Kaplan, Dr. Chan, Dr. Odiaga, and Dr. Kaminski filed motions to dismiss pursuant to section 2—619 of the Code. (Ill. Rev. Stat. 1985, ch. 110, par. 2—619.) They argued that the first action was a nullity because it failed to state a cause of action and a prayer for relief; therefore, it could not serve as the basis for the second action.

Plaintiff filed a memorandum of law in opposition to defendants' motions, accompanied by a copy of the alleged complaint in the first action and an affidavit. Plaintiff stated that a 16-count complaint had been drafted in the first action and that the attorney handling the action was unaware of the missing pages until defendants raised the issue in their motions to dismiss the second action.

On July 14, 1986, the court granted the motions to dismiss of Dr. Kaminski, Dr. Chan, and Dr. Odiaga. Plaintiff's motion to vacate this order was denied on March 23, 1987. On the same day, the court granted Dr. Kaplan's and Thorek's motions to dismiss. The court further ordered the plaintiff's action dismissed with prejudice. This appeal followed.

Plaintiff contends that the document which was the basis of the first action was a timely filed complaint and, thus, she is entitled to refile the action under section 13—217 of the Code.

Initially, we must determine whether the document filed in the first action constitutes a complaint or states a cause of action. Plaintiff concedes that the alleged complaint was defective in that it failed to state a cause of action; however, she argues that it contained enough allegations to be a valid complaint.

Pursuant to section 2—603(a) of the Code, "[a]ll pleadings shall contain a plain and concise statement of the pleader's cause of action." (Ill. Rev. Stat. 1985, ch. 110, par. 2—603(a).) The complaint must justify the enactment of the trial process by setting forth a legally cognizable cause of action. (*Holton v. Resurrection Hospital* (1980), 88 Ill. App. 3d 655, 658.) It must also give notice to the defendant of the specific manner he has allegedly harmed the plaintiff so as to enable him to formulate an answer and prepare for trial. (*Holton*, 88 Ill. App. 3d at 658.) Accordingly, "a complaint is required to state material facts with sufficient specificity to show that the elements of the cause of action exist." (*Holton*, 88 Ill. App. 3d at 658.) At the very least, "it must contain sufficient factual allegations *** to demonstrate to the court and the defendant *** that the plaintiff is or may be harmed, the way in which the plaintiff has been harmed and that the harm results from some legal transgression or violation of a legal duty by the defendant." (*B.L. Cartage Co. v. City of Chicago* (1976), 35 Ill. App. 3d 1055, 1060.) While pleadings are to be liberally construed, a complaint which fails to meet the above requirements does not state a cause of action and such a deficiency may not be cured by liberal construction or by argument. *Fanning v. LeMay* (1967), 38 Ill. 2d 209, 211; *Founding Church of Scientology v. American Medical Association* (1978), 60 Ill. App. 3d at 586, 589.

The first action does not satisfy the minimum requirements of the Code set forth above. The alleged complaint noted the *professional status* of defendants and identified them as *agents* and *employees* of the Hospital. It also stated that the decedent was a patient at Thorek, that she possessed no professional medical knowledge, and that she exercised ordinary care.

A perusal of this alleged complaint reveals its insufficiency as a complaint. It fails to state that plaintiff was or may be harmed, the manner in which such harm occurred, and whether the harm resulted from some violation of a legal duty by defendants. The document also fails to state what actions defendants committed in violation of their duty to decedent. Clearly, this document neither justifies the enactment of the trial process nor informs defendants of the allegations against them in order to prepare for trial. (*Holton v. Resurrection Hospital* (1980), 88 Ill. App. 3d 655, 658.) The document, therefore, does not meet the requirements of section 2—603(a) of the Code. Ill. Rev. Stat. 1985, ch. 110, par. 2—603(a).

Plaintiff insists that the Code does not set forth a "bright line" test to determine if there is a proper filing of the complaint for purposes of the refiling statute or the relation back doctrine (Ill. Rev. Stat. 1985, ch. 110, pars. 13—217, 2—616(b)). Since more than two years had elapsed after the alleged cause of action arose and the commencement of this action, it is conceded that plaintiff would have been barred by the statute of limitations but for sections 13—217 and 2—616(b) of the Code.

Section 13—217 of the Code provides in pertinent part:

"[A]ny *** act or contract where the time for commencing an action is limited, if *** the action is dismissed for want of prosecution, *** then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after *** the action is dismissed for want of prosecution ***." Ill. Rev. Stat. 1985, ch. 110, par. 13—217.

The trial court correctly found that the case at bar is analogous to *Gibbs v. Crane* (1899), 180 Ill. 191. In *Gibbs* the plaintiff filed a *praecipe* and service of summons. The action was nonsuited due to plaintiff's failure to file a declaration (*i.e.*, complaint). Within one year of the dismissal, plaintiff began a new cause of action under the predecessor of section 13—217. He alleged that the second cause of action was a refiling of the previous action.

The court rejected plaintiff's arguments because the first action provided no information as to the particular claim upon which the second suit was based. The court held that one's entitlement to refile, when a prior action has been dismissed, voluntarily or for want of prosecution, rests on the identity of actions as between the first action and the second action, the latter being the refiling. (*Gibbs*, 180

Ill. App. 3d at 194, 196-97.) The court further held that parol testimony is inadmissible to establish the identity of actions.

Absent any theory of liability or substantive allegations in the earlier action to identify with the later action, we must find that the second action cannot be deemed a refiling of the initial action.

■ Section 2—616(b) provides in relevant part:

"The cause of action *** set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted *** grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery or defense asserted *** an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended." Ill. Rev. Stat. 1985, ch. 110, par. 2—616(b).

The amended complaint relates back to the filing date of the initial complaint if the original complaint provides the defendant with all of the information necessary to prepare a defense to the claims subsequently alleged in the amended complaint. (*Perkins v. Pepsi-Cola General Bottlers, Inc.* (1987), 158 Ill. App. 3d 893, 900.) Requiring the amended complaint to grow out of the same transaction or occurrence stated in the first complaint is based "on the rationale that the defendant has not been prejudiced so long as his attention has been directed to the facts which form the basis of the claim within the prescribed time. [Citation.]" (*Chestnut v. Adeli* (1985), 131 Ill. App. 3d 24, 27, quoting *Krieger v. Village of Carpentersville* (1972), 8 Ill. App. 3d 243, 246-47.) "The right to amend and the relation back of an amendment do not depend on the subjective frame of mind of the pleader, but depend on whether the original complaint furnishes to the defendant all of the information necessary to prepare its defense to the claim subsequently asserted in the amended complaint. [Citation.]" (*Krieger*, 8 Ill. App. 3d at 246.) If the cause of action in the amended pleading fails to grow out of the same transaction or occurrence alleged in the original pleading, the amendment is considered a new cause of action or suit commencing on the date the amended complaint was filed. *Perkins*, 158 Ill. App. 3d at 900.

■ Applying the above principles to the case at bar, the document filed by plaintiff does not provide defendants with any information necessary to prepare a defense to the allegations set forth in the second action. Consequently, neither section 13—217 nor section 2—616(b) of the Code prevents the tolling of the statute of limitations. According to plaintiff's complaint in the second action, the medical malpractice action arose no later than on or about February 15, 1983, the date of the decedent's death. Therefore, February 15, 1985, was the last possible date plaintiff could have filed her action. Since the second action was filed on July 5, 1985, the trial court properly dismissed the complaint based on the tolling of the statute of limitations.

For the foregoing reasons, the order and judgment of the circuit court of Cook County are affirmed.

Affirmed.

McMORROW, J., concurs.

PRESIDING JUSTICE JIGANTI, dissenting:
I respectfully dissent.

The plaintiff filed a complaint that was dismissed for want of prosecution. After the statute of limitations had run but within a year of the dismissal, the plaintiff commenced the instant action. The only issue on appeal is whether the plaintiff is entitled to refile her action under section 13—217 of the Code of Civil Procedure. Under this section, after an action is dismissed for want of prosecution, a plaintiff "may commence a new action within one year," even though the statute of limitations has expired. Ill. Rev. Stat. 1987, ch. 110, par. 13—217.

The majority holds that section 13—217 does not apply because the original complaint was not an action and was in effect a nullity. Consequently, the majority concludes, the present case is the first filing of the complaint and not a "new action" and as such is barred by the statute of limitations.

I agree with the majority that the case of *Gibbs v. Crane Elevator Co.* (1899), 180 Ill. 191, 54 N.E. 200, is relevant to the issue before the court. However, I believe that *Gibbs* supports the conclusion that the plaintiff is entitled to refile her action under section 13—217. *Gibbs* involved the application of a refiling statute similar to section 13—217. In the original lawsuit, the plaintiff only filed a *praecipe*. The action was dismissed for failure to file a declaration. Within one year of the dismissal of the first suit, the plaintiff began a new action.

The court stated that the statute concerning refiling would only apply if the record showed that the two suits were for the identical claim or cause of action. Since the *praecipe* stated no facts, the record was devoid of facts concerning the first suit. Without any facts concerning the first suit, there filing could not be shown to be the same and consequently it was not allowed.

The significance of *Gibbs* in analyzing the application of refiling statutes is that refiling should be allowed if the record shows that the two suits are for the identical claim or cause of action. This same rationale is at work in section 2—616 of the Code of Civil Procedure, which concerns amendments to pleadings. (Ill. Rev. Stat. 1987, ch. 110, par. 2—616.) This section is comparable to the refiling statute in the case at bar in that it allows amendments to a complaint after the statute of limitations. Under section 2—616, an amendment may be filed "if it shall appear from the original and amended pleadings that the cause of action asserted *** grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery." (Ill. Rev. Stat. 1987, ch. 110, par. 2—616(b).) The clear wording of this section indicates that a complaint may be amended if the action in the amended complaint is the same as the action in the original complaint.

Based on the rationale set forth in *Gibbs* as well as the clear wording of section 2—616 concerning amendments to pleadings, I believe that the answer to the question of whether the plaintiff is entitled to refile her action under section 13—217 hinges on a determination of whether the second action is the same as the first. While the facts in the original complaint are admittedly deficient, they are slightly more expansive than the majority suggests. The complaint identifies Thorek Hospital and Medical Center and names the doctors as agents of the hospital. The complaint identifies the decedent as a person under the care of the hospital and of its employees. It states that it was the duty of the hospital, their agents and specifically the doctors to render medical care so as not to negligently cause injury to the decedent. It alleges that the decedent was in the exercise of ordinary care and free from any contributory negligence. It states that on or about June 14, 1982, the decedent entered the hospital and entrusted herself entirely to the care of the defendant hospital and its employees.

The complaint in the second action realleges those facts above and specifically charges the defendants with certain acts of negligence and

includes a request for a judgment in excess of $15,000. It is apparent to me that the two suits are identical causes of action. The first suit indicates that there was injury to the decedent as a result of the admission to the hospital on that day and that the injury was a result of some conduct of the hospital and the doctors. As stated above, the second suit realleges the facts in the first action and charges the defendants with certain acts of negligence.

Any deficiencies in the original complaint can be rectified by way of an amendment. However, the deficiencies in the original complaint are not of such a nature that the plaintiff should be barred from refiling her action under section 13—217.

For the foregoing reasons, I would reverse the trial court.