RAMONA GONZALEZ, Adm'r of the Estate of Juanita Caraveo, Appellant, v. THOREK HOSPITAL AND MEDICAL CENTER, a Corporation, *et al.*, Appellees.

*Opinion filed March 21, 1991.*

CALVO, BILANDIC and HEIPLE, JJ., took no part.

Michael W. Rathsack, Louis S. Goldstein and Cindy G. Fluxgold, of Chicago, for appellant.

Alholm & Monahan, of Chicago (Anthony J. Alholm, Peter A. Monahan, Susan Rater Wagener and Linda J. Hay, of counsel), for appellee Thorek Hospital & Medical Center.

Arnstein & Lehr, of Chicago (Arthur L. Klein, Fredric J. Entin and David S. Waxman, of counsel), for appellee Dr. Arnold Kaplan.

French, Kezelis & Kominiarek, P.C., of Chicago (Algimantas P. Kezelis, Russell P. Veldenz and Lynn A. Hirschfeld, of counsel), for appellee Dr. Mitchell Kaminski.

JUSTICE CLARK delivered the opinion of the court:

Plaintiff's decedent was admitted to Thorek Hospital and Medical Center on June 14, 1982. She died on February 15, 1983. On June 14, 1984, plaintiff, as adminis-

trator of decedent's estate, brought an action in the circuit court of Cook County against Thorek and 14 of the hospital's physicians (1984 complaint). A copy of the 1984 complaint on file with the circuit court is attached as the appendix. Plaintiff failed to attempt or serve process on any of the defendants. On December 14, 1984, the trial court dismissed plaintiff's action for want of prosecution.

Relying on section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—217), plaintiff filed a new complaint in the circuit court of Cook County against defendants on July 5, 1985 (1985 complaint). Section 13—217 of the Code provides in relevant part:

> "In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if *** the action is dismissed for want of prosecution, *** then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after *** the action is dismissed for want of prosecution ***."

Various defendants were immediately served while others were not served for over six months after the filing of the 1985 complaint. Defendants Honer, Abdelnurchawla, Nammohan, and Jones were never served with copies of the 1985 complaint.

Defendant Thorek moved to dismiss the action, arguing that the 1985 complaint was barred by the statute of limitations because it was filed more than "two years after the alleged occurrence" which injured the plaintiff (Ill. Rev. Stat. 1985, ch. 110, par. 13—212). Although section 13—217 of the Code grants a party the absolute right to commence a new action within one year after a

dismissal for want of prosecution, defendants argued that the 1984 complaint did not contain the basic minimum requirements of a legally and factually sufficient complaint to toll the statute of limitations for the 1985 filing. (Ill. Rev. Stat. 1983, ch. 110, pars. 2—603(a), 2—604.) Defendants Odiaga, Stuebner and Chan joined in Thorek's motion, while defendants Silvetti, Forman, Hsu, Thampy, Kaminski, and Hernandez filed separate motions. to dismiss. The remaining defendants who were served took no action during the pendency of the matter in the trial court.

On July 14, 1986, the trial court granted the motions to dismiss with prejudice of defendants Kaminski, Odiaga and Chan. Plaintiff sought to have the order vacated on December 10, 1986, which motion was denied by the trial court. Plaintiff also sought to have defendants Stuebner, Thampy, Silvetti, Forman and Hsu voluntarily dismissed with prejudice from the matter, which motion was granted in the trial court's December 10 order.

In response to the remaining defendants' motions to dismiss, plaintiff also filed a supplemental memorandum of law on December 10. As part of her memorandum, plaintiff attached an affidavit in which her counsel stated that in 1984 she had prepared a 16-count complaint with the same caption as the 1984 complaint. The affiant attached a copy of the 16-count complaint to her affidavit, which complaint was substantially the same as the 1985 complaint. The affiant stated that she had no knowledge that any portion of the 1984 complaint was missing from the court file until defendant Thorek filed its motion to dismiss.

On January 8, 1987, the trial court granted plaintiff's motion to voluntarily dismiss defendant Hernandez. On March 23, the trial court granted the motions to dismiss of defendants Thorek and Kaplan and denied plaintiff's

motion to vacate the trial court's previous dismissal of Drs. Kaminski, Chan, and Odiaga. It is from this order that plaintiff appeals.

The appellate court, with one justice dissenting, affirmed the trial court's dismissal with prejudice. (186 Ill. App. 3d 648.) The majority concluded that the complaint "[did] not satisfy the minimum requirements of the Code" and therefore was not a proper filing for purposes of the refiling statute or the relation-back doctrine (Ill. Rev. Stat. 1983, ch. 110, pars. 13—217, 2—616(b)). (186 Ill. App. 3d at 651.) Moreover, the appellate court concluded that "[s]ince more than two years had elapsed after the alleged cause of action arose and the [filing of the 1985 complaint]," the 1985 complaint would have been barred by the statute of limitations but for sections 13—217 and 2—616(b) of the Code. (186 Ill. App. 3d at 652.) The dissent concluded that there was enough information in which to relate the 1985 complaint to the 1984 complaint and that any deficiencies in the original complaint could be rectified by way of amendment. 186 Ill. App. 3d at 656 (Jiganti, J., dissenting).

The majority declined to consider the affidavit of plaintiff's counsel, in light of this court's decision in *Gibbs v. Crane Elevator Co.* (1899), 180 Ill. 191. In *Gibbs*, the plaintiff commenced his suit by filing a *praecipe* (writ) and service of summons. The suit was dismissed when plaintiff failed to timely file his declarations. Declarations are specifications of facts and circumstances describing the cause of action; they are the equivalent of the complaint in code pleading. See Black's Law Dictionary 367 (5th ed. 1979).

Although the applicable statute of limitations had elapsed, the plaintiff in *Gibbs* refiled pursuant to paragraph 24 of chapter 83 of the Revised Statutes (the predecessor of section 13—217), alleging that the new action was based upon the same facts as the first action.

The defendant argued that no declarations had been filed before the first dismissal and therefore he was entitled to judgment.

After reviewing the record in the original action, this court observed that there was "no information as to the particular claim upon which [the original] suit was brought." (*Gibbs*, 180 Ill. at 194.) The *praecipe* or writ in the original action did not "set out the cause of action," eliminating any way in which to determine whether the cause of action in the refiling was the same as that intended in the first filing. Without identifying the cause of action sued upon in the first matter as the "same identical cause of action" for which the second action was brought, plaintiff was not entitled to the extension of time under paragraph 24. *Gibbs*, 180 Ill. at 194.

The plaintiff in *Gibbs* tried to supplement the record in the original filing with testimony that he had no other cause of action against the defendants except the one which existed at the time of bringing the first suit. In reaching a conclusion on the admissibility of evidence to prove the identity of the two actions, this court said the following:

> "When the plaintiff avers that the cause of action in the first suit is the same as that declared upon in the present action and claims the right to prove it by parol testimony, he tenders no issue or fact capable of being proved on his part and disproved on the part of the defendants. Manifestly, his proof would be, in effect, that when he brought his first suit he intended it for the purpose of recovering damages for the same injuries averred in his present declaration. But that proof would be of nothing more than an intention on his part,—that is, that which rested in his own mind and known to no one else." *Gibbs*, 180 Ill. at 194-95.

In the present case, the trial court concluded that plaintiff was precluded from having the affidavit of her

counsel considered in determining the sufficiency of the 1984 complaint in light of the *Gibbs* decision. In its order granting defendants' motions to dismiss, the court stated that this court in *Gibbs* held that "parol testimony is incompetent to establish the relationship between the first two actions; it rises or falls based on the allegations contained in the complaint." Similarly, the appellate court concluded that this court held that "parol testimony is inadmissible to establish the identity of actions." (186 Ill. App. 3d at 653.) Thereafter, we granted plaintiff's petition for leave to appeal (107 Ill. 2d R. 315).

This court has, on many occasions, been called on to determine whether a cause of action has been sufficiently stated in a complaint. (See, *e.g., Adkins v. Sarah Bush Lincoln Health Center* (1989), 129 Ill. 2d 497; *Estate of Johnson v. Condell Memorial Hospital* (1988), 119 Ill. 2d 496; *In re Beatty* (1987), 118 Ill. 2d 489; *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407.) As case law in this area indicates, it is impossible to formulate any simple methodology by which to make this determination. It is clear, however, that certain considerations are paramount. A flexible standard must be applied to the language of pleadings, since the Code requires that pleadings be liberally construed. The ultimate measure is one which facilitates the dispensation of substantial justice between the parties involved. Ill. Rev. Stat. 1983, ch. 110, par. 2—603(c).

In the instant case, however, we are asked to resolve an issue that precedes even the fundamental concern of whether a cause of action has been stated in a litigant's pleadings. We are now asked to determine whether allegations in a complaint, conceded by both parties as insufficient to state a cause of action, are nonetheless sufficient to constitute a complaint. We hold that, in the instant case, the allegations in the 1984 complaint were

sufficient to constitute a complaint and thereby tolled the statute of limitations for the 1985 complaint.

The requirement that a plaintiff plead sufficient facts to establish the cause of action under which he is proceeding has been established by this court in the context of a motion to dismiss under section 2—615 of the Code. This court has observed that if a plaintiff fails to allege in his complaint facts "which are necessary to recover," he has failed to state a cause of action. (See, *e.g.*, *Condell Memorial Hospital*, 119 Ill. 2d at 510.) This standard is sufficiently stringent so as to require a party to plead the essential elements of an action if he is to survive an opposing party's motion to dismiss.

This court's opinions on the sufficiency of facts alleging a cause of action have been grounded in the Code's requirement that pleadings shall contain a "plain and concise statement" of the cause of action advanced. (Ill. Rev. Stat. 1983, ch. 110, par. 2—603(a).) Likewise, we believe there is an analogous standard in the Code by which one can judge at what juncture pleadings that do not state a cause of action will be deemed "too deficient" to constitute a complaint. We believe, however, that a standard less stringent than that established for sufficiently stating a cause of action is indicated in the language and spirit of the Code.

In addition to requiring that pleadings contain a "plain and concise statement" of the action advanced, the Code requires that no pleading is to be considered bad in substance where it is composed of intelligible allegations and information which reasonably inform the opposite party of the nature of the claim or defense which he or she is called upon to counter. (Ill. Rev. Stat. 1983, ch. 110, par. 2—612(b).) In light of this provision, as well as the Code's admonishment that pleadings be "liberally construed" (Ill. Rev. Stat. 1983, ch. 110, par. 2—603(c)), it is this court's opinion that a complaint can be consid-

ered sufficiently "bad" (that is, not a complaint) only where the opposing party is without any reasonable notice as to the facts or circumstances of the action advanced by the pleadings.

We believe this holding continues to adhere to and is compatible with this court's previously articulated rule that a complaint which fails to allege all the facts necessary for a plaintiff to recover fails to state a cause of action. We do not believe, as defendants urge us to, that pleadings which fail to allege sufficient facts to state a cause of action do not constitute a complaint. Rather, we believe that a complaint is framed once facts are pled that reasonably inform the opposing party of the nature of the claim or defense which he is called upon to counter, no matter how inartfully or imprecisely that information is presented.

Plaintiff urges this court not to adopt a rule whereby pleadings may be deemed too insufficient to constitute a complaint. If this determination is made after the limitations period expires and the pleadings are dismissed pursuant to section 2—615 of the Code, plaintiff argues, a party would be barred from amending the insufficient pleadings. Having determined that there was no complaint originally filed, there would be nothing for a party to amend and the expiration of the limitations period would prohibit a new filing.

Plaintiff's argument, while persuasive, does not dissuade this court from the belief that some minimal standard must be established to determine the sufficiency of pleadings. Without some guidelines, any document will be given credence as a "complaint" if it is so styled by its drafter. We do not believe that section 13—217 suggests that plaintiffs may avoid the strictures of an applicable limitations period by filing a meaningless document to assure themselves of an extended filing period. The extension of the applicable statute of limitations

is afforded by section 13—217 because the defendant already has had notice of litigation arising out of the same facts and circumstances. (*Cf. O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 282.) To conclude otherwise would, essentially, provide a litigant with the means and opportunity to avoid complying with the applicable statute of limitations. We believe the standard announced by this court today comports with the Code's required liberal pleading construction without compromising the substantive requirement of fact pleading.

In the present case, we conclude that although there are not enough facts pled to state a cause of action, the 1984 complaint clearly contains intelligible allegations and information which would reasonably inform defendants of the nature of the claim or defense which they were called upon to counter. (Ill. Rev. Stat. 1983, ch. 110, par. 2—612(b).) As noted by the dissent below, although the 1984 complaint is "admittedly deficient," it is slightly more expansive than the majority would have one believe:

> "The complaint identifies Thorek Hospital and Medical Center and names the doctors as agents of the hospital. The [1984] complaint identifies the decedent as a person under the care of the hospital and of its employees. It states that it was the duty of the hospital, their agents and specifically the doctors to render medical care so as not to negligently cause injury to the decedent. It alleges that the decedent was in the exercise of ordinary care and free from contributory negligence. It states that on or about June 14, 1982, the decedent entered the hospital and entrusted herself entirely to the care of the defendant hospital and its employees." 186 Ill. App. 3d at 655 (Jiganti, J., dissenting).

Moreover, we find that the 1984 complaint was clearly intended to allege medical malpractice. The original filing indicates that there was an injury to the decedent as a result of the admission to the hospital on June

14, 1982, and that the injury was a result of some conduct by the physicians and the hospital. The 1985 complaint realleges these facts and specifically charges defendants with certain acts of negligence. The second filing also includes a request for judgment in excess of $15,000. It is apparent that the two filings are for the same causes of action.

As an alternative ground upon which this court could affirm the opinion below, defendants argued for the first time in the appellate court and again in this court that the 1984 complaint should be dismissed pursuant to Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)). This issue, because it was not raised by the defendants in the trial court, was not properly preserved for review on appeal. However, pursuant to this court's "constitutional authority to regulate the judicial system of Illinois," we will address the merits of this issue. *O'Connell*, 112 Ill. 2d at 281-82.

Rule 103(b) requires the exercise of reasonable diligence in obtaining service of process. Pursuant to the rule:

> "If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." 107 Ill. 2d R. 103(b).

In the instant action, plaintiff's diligence in serving the 1984 complaint was not challenged by any of the defendants in their motions to dismiss the 1985 complaint. Defendants, however, were not on notice of the pendency of the 1984 complaint at any time during

which the matter was in fact pending in the circuit court. Defendants were first placed on notice of the 1984 complaint when they were served with the 1985 complaint. The 1985 complaint was filed over six months after the 1984 complaint was dismissed and almost 13 months after the applicable statute of limitations had expired.

In light of and consistent with the intent of this court's decisions in *Martinez v. Erikson* (1989), 127 Ill. 2d 112, *Muskat v. Sternberg* (1988), 122 Ill. 2d 41, *Catlett v. Novak* (1987), 116 Ill. 2d 63, and *O'Connell*, 112 Ill. 2d 273, we hold that on remand in further proceedings on this matter, the parties have not waived their right to raise this argument.

For the reasons stated, we reverse the judgment of the appellate court and the trial court's order of March 23, 1987, granting Thorek and Kaplan's motion to dismiss and denying plaintiff's motion to vacate the July 14, 1986, trial court order granting Chan, Odiaga, and Kaminski's motion to dismiss. We remand this cause to the circuit court of Cook County for further proceedings consistent with the views expressed herein.

*Appellate court judgment reversed;*
*circuit court judgment reversed;*
*cause remanded.*

JUSTICES CALVO, BILANDIC and HEIPLE took no part in the consideration or decision of this case.

APPENDIX

STATE OF ILLINOIS    )
                )SS
COUNTY OF COOK     ·)

Firm I.D. No. 91211

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

RAYMONA GONZALEZ, as Administrator )
of the Estate of JUANITA CARAVEO, )
Deceased, )
                       )
      Plaintiff, )
                       )
-vs- )      No. _____
                       )
THOREK HOSPITAL AND MEDICAL )
CENTER, a corporation, DR. KAPLAN, )
DR. HONER, DR. I. ODRAGA, DR. )
CHAN, DR. FORMAN, DR. )
ABDELNURCHAWLA, DR. KAMINSKI, DR. )
HERNANDEZ, DR. NAMMOHAN, DR. HSU )
DR. SILVETTI, DR. STUEBNER, DR. )
EVANS, DR. JONES and DR. THAMPY, )
                       )
      Defendants. )

84L 12437

## COMPLAINT AT LAW

Now comes the Plaintiff, RAYMONA GONZALEZ, as Administrator of the Estate of JUANITA CARAVEO, Deceased, by her attorneys, LOUIS S. GOLDSTEIN & ASSOCIATES, LTD., and complaining of the Defendants, THOREK HOSPITAL AND MEDICAL CENTER, a corporation, DR. KAPLAN, DR. HONER, DR. I. ODRAGA, DR. CHAN, DR. FORMAN, DR. ABDELNURCHAWLA, DR. KAMINSKI, DR. HERNANDEZ, DR. NAMMOHAN, DR. HSU, DR. SILVETTI, DR. STUEBNER, DR. EVANS, DR. JONES and DR. THAMPY, and each of them, states as follows:

## COUNT I

1) That during the years 1982 and 1983, and at all times relevant herein, the Defendant, THOREK HOSPITAL AND MEDICAL CENTER, a corporation, was engaged in the practice of offering hospital facilities and services in the City of Chicago, County of Cook and State of Illinois.

2) That the Defendant, THOREK HOSPITAL AND MEDICAL CENTER, a corporation, holds itself out, pretends and otherwise informs the public, and more particularly, in the instance of the Plaintiff's Decedent herein, that it had and possessed the requisite skill, competence, know-how, facilities, personnel, equipment and information to properly care for and treat the Plaintiff's Decedent.

3) That on or about June 14, 1982, the Plaintiff's Decedent entered the Defendant hospital and entrusted herself entirely to the care of the Defendant hospital and its various employees as aforesaid; that she possessed no medical or professional medical knowledge, nor did she have the facilities to care for, mend or cure herself.

4) That at all times mentioned herein, the Plaintiff's Decedent, JUANITA CARAVEO, was in the exercise of ordinary care and caution and was free from any contributory negligence.

5) That at all times relevant herein, there was a duty on the part of the Defendant, THOREK HOSPITAL AND MEDICAL CENTER, a corporation, by and through its duly authorized agents, servants and/or employees, DR. KAPLAN, DR. HONER, DR. I. ODRAGA, DR. CHAN,

DR. FORMAN, DR. ABDELNURCHAWLA, DR. KAMINSKI, DR. HERNANDEZ, DR. NAMMOHAN, DR. HSU, DR. SILVETTI, DR. STUEBNER, DR. EVANS, DR. JONES and DR. THAMPY, and each of them, to render patient care services consistent with the medical needs of patients therein, and so as not to negligently cause injury to said patients, including the Plaintiff's Decedent.

6) That at all times mentioned herein, the Defendants, DR. KAPLAN, DR. HONER, DR. I. ODRAGA, DR. CHAN, DR. FORMAN, DR. ABDELNURCHAWLA, DR. KAMINSKI, DR. HERNANDEZ, DR. NAMMOHAN, DR. HSU, DR. SILVETTI, DR. STUEBNER, DR. EVANS, DR. JONES and DR. THAMPY, and each of them, were employees of the Defendant, THOREX HOSPITAL AND MEDICAL CENTER, a corporation, and as such, practiced their professions in the facilities of the Defendant hospital, pursuant to their employment.

7) That at all times mentioned herein, the Defendants, DR. KAPLAN, DR. HONER, DR. I. ODRAGA, DR. CHAN, DR. FORMAN, DR. ABDELNURCHAWLA, DR. KAMINSKI, DR. HERNANDEZ, DR. NAMMOHAN, DR. HSU, DR. SILVETTI, DR. STUEBNER, DR. EVANS, DR. JONES and DR. THAMPY, and each of them, were physicians duly licensed under the laws of the State of Illinois, and were engaged in the practice of their professions in the City of Chicago, County of Cook and State of Illinois.